## GOUGH ET AL. *v.* STATE, EX REL. PETERS.

[No. 4,493.   Filed November 24, 1903.]

APPEAL AND ERROR.—*Joint Assignment of Error.—Separate Motions.*—No question is presented upon the ruling of the court upon separate motions for a new trial by a joint assignment of error by all of the appellants.  *p. 23.*

SAME.—*New Trial.—Specification as to Exclusion of Evidence.*—A specification in a motion for a new trial that the court erred in refusing to permit a witness named to answer a certain question, followed by the question, sufficiently presents the court's ruling.  *p. 23.*

INTOXICATING LIQUORS.—*Damages for Illegal Sales.—Evidence.*—In an action for damages caused by illegal sales of liquor to the husband of relatrix, evidence that relatrix during the months when the sales were alleged to have been made abused and assaulted her husband and attempted to demolish defendant's saloon with a hatchet is not admissible in mitigation of damages.  *pp. 23, 24.*

APPEAL AND ERROR.—*Joint Exception.—Separate Assignment of Error.*—Exceptions taken by all of the appellants are not available in a separate assignment of errors by one of the appellants.  *p. 24.*

From Hamilton Circuit Court; *J. F. Neal,* Judge.

Suit by the State, on the relation of Vina Peters, against William S. Gough and others.   From a judgment for plaintiff, defendants appeal.   *Affirmed.*

*J. M. Fippen, J. M. Purvis, R. K. Kane, T. E. Kane* and *T. J. Kane,* for appellants.

*Edward Daniels* and *Dan Waugh,* for appellee.

ROBINSON, J.—Suit by appellee against Gough, principal, and appellants Qualters, Frisz, and Innis, sureties on

Gough's bond, to recover damages occasioned by the illegal sale of liquor to the husband of relatrix. The motion of appellant Gough for a new trial was overruled, as was also the joint motion of the sureties. All the appellants have jointly assigned error that the court erred in overruling Gough's motion for a new trial, and also the motion of the sureties for a new trial. Appellant Gough separately assigns error that the court erred in overruling his motion for a new trial.

It is first argued that no question is presented upon the errors assigned on the matters discussed in appellants' brief. The motion by appellant Gough and the motion by the sureties for a new trial being separate motions, no question is presented upon the court's ruling on these several motions by a joint assignment of error by all the appellants. Ewbank's Manual, §138; Elliott, App. Proc., §318.

The only questions argued under the separate assignment of error by appellant Gough relate to the rejection of certain evidence. In his motion for a new trial he stated a number of grounds therefor, and in each it is stated, in substance, that the court erred in refusing to permit a witness, named, to answer the following question, this being followed simply by the question that was asked. We think this sufficient to call the attention of the trial court to the particular evidence which it was alleged had been erroneously rejected. See Ewbank's Manual, §50, and cases cited; *Clark v. Bond,* 29 Ind. 555; *Meyer* v. *Bohlfing,* 44 Ind. 238.

The only question presented as to this offered evidence is whether it was admissible in mitigation of damages. The offered evidence, so far as the brief points out the places in the record where it may be found, was with reference to certain conduct of the relatrix at different times; that at a time, not stated, she had abused her husband on the street, and had assaulted him; that at another time she

went to appellant's saloon and attempted to demolish it with a hatchet; that during the months when the sales were alleged to have been made to the husband she would go down-town and whip her husband on the way home. The statute upon which the action is based (§7288 Burns 1901) gives a right of action to relatrix for injury or damages sustained to her person or property or means of support. The record does not disclose that the matters sought to be inquired about by the offered evidence had any connection with the injurious acts resulting in relatrix's injury. They were not matters of mitigation, and were not relevant to the issues being tried.

Moreover, it is argued that each exception taken was taken by all the appellants, and that such exceptions are not available in a separate assignment of errors by one of the appellants. In each instance the record shows that the "defendants except." This objection seems to be well taken under the ruling in *City of South Bend* v. *Turner*, 156 Ind. 418, 54 L. R. A. 396, 83 Am. St. 200.

Judgment affirmed.