IN RE MCGUFFIN'S ESTATE, STAGE, ADMINISTRATOR, *v.*
TYNER, ADMINISTRATRIX, ET AL.

[No. 14,506.   Filed April 21, 1933.]

*Frederick S. Caldwell* and *Wesley W. Ratcliff*, for appellant.

*Scotten & Hinshaw,* for appellees.

SMITH, J.—Samuel H. McGuffin died intestate in October, 1929, in Henry County, Indiana, and the appellant, Arthur L. Stage, was appointed administrator of his estate.   Before the estate was settled, his widow, Grace Tyner McGuffin, died intestate, and the appellee, Mary L. Tyner, was appointed administratrix.

On January 1, 1917, Samuel H. McGuffin and Grace E. Tyner entered into an ante-nuptial contract, and were later married.   In this contract they provided for the

disposition of their property, and the share each was to have in the other's property at death.

The question here concerns the amount due the appellee, administratrix, under this agreement.

Samuel H. McGuffin had three daughters, and provided for each of them in this contract. In order to give a better understanding of the question raised herein, we deem it advisable to set out a portion of this contract. That part applicable to this case is as follows:

"This agreement made and entered into this 1st day of January, 1917, between Samuel H. McGuffin and Grace E. Tyner, both of Knightstown, Indiana, Witnesseth: That whereas, the parties to this agreement are intending to be married to each other in the near future, and wishing to make a mutual agreement as to the interest each is to take in the property of the other in case of death, it is therefore agreed and mutually understood that said S. H. McGuffin's first wife, the mother of his daughters hereinafter named, invested her separate money in the farm now owned by said S. H. McGuffin, and his said daughters are to have said money paid to them out of said farm after his death in the amounts as follows: That Erma O. Ellis shall have $2,000; that Zola L. Snodgress shall have $2,000, and Mary E. Wilson shall have $2,000, on this condition, that as said S. H. McGuffin has endorsed for her husband, William L. Wilson, to the amount of $600, now if said William L. Wilson shall fail to pay said sum and said S. H. McGuffin has to pay it, or any part of it, then the amount so paid by said S. H. McGuffin with the legal interest thereon shall be deducted from the $2,000 due said Mary E. Wilson, under this contract, and said amount shall be added to the general estate of said S. H. McGuffin.

"It is further mutually agreed and understood between the parties hereto, that if said marriage between them is consummated and the said Grace E. Tyner lives with the S. H. McGuffin until the time of his death, she is to have one-third in fee simple of all property of said S. H. McGuffin, both real and personal, that is left after the payment of said sum of $6,000 to his said daughters and the debts and liabil-

ities of his estate, and the said Grace E. Tyner agrees to accept said portion in full settlement of all claims against the estate of said S. H. McGuffin by virtue of said marriage. And all the remainder of the estate of said S. H. McGuffin is to go to his children, or their descendants, if any be dead, or to such persons as the said S. H. McGuffin, shall name as devisees in his will."

The controversy arises over the interpretation of that part of the ante-nuptial contract which reads *"and his said daughters are to have said money* (the $2,000 each) *paid to them out of said farm after his death in amounts as follows: . . ."* (Our italics).

In March, 1920, Samuel H. McGuffin sold his farm mentioned in the ante-nuptial contract, and his wife, appellee's decedent, joined in the conveyance. From the proceeds of the sale of said farm, Samuel H. McGuffin paid to each of his three daughters named in the ante-nuptial contract, the $2,000 mentioned therein.

The appellant administrator filed his final report in court and undertook to distribute the estate, but did not treat the $2,000 to each daughter mentioned in the contract as having been paid, but sought to pay each of them from the estate.

To this final report, appellee filed objections, claiming that the $2,000 to each daughter had been paid. This presented the issue which was tried by the court.

The court made a general finding for the appellee, and ordered the appellant to file another final report in accordance with the finding and judgment, which is as follows:

"Come now the parties, in person and by counsel, and the Court having heard the evidence and the argument of counsel, now finds for the Plaintiff that the estate of the Exceptor's Decedent is not entitled to have the five hundred dollars widow's statutory allowance or to have the same paid from the estate of Samuel H. McGuffin.

"The Court finds for the Defendant that the six

thousand dollars paid by Samuel H. McGuffin to his three daughters, namely, Erma O. Ellis, Zola L. Snodgress and Mary E. Cassada, formerly Mary E. Wilson, was in payment of the six thousand dollar indebtedness of the said Samuel H. McGuffin to his said daughters, mentioned, described and set out in the ante-nuptial contract executed on the 1st day of January, 1917, between the said Samuel H. McGuffin and Grace E. Tyner, afterward Grace E. Tyner Mc-Guffin, wife and widow of the said Samuel H. Mc-Guffin, deceased, and being the same person as Grace Tyner McGuffin, the defendant Exceptor's Decedent.

"The Court further finds that the said ante-nuptial contract was in full force and effect at the time of the death of the said Samuel H. McGuffin and that under said contract the estate of the said Grace Tyner McGuffin is entitled to receive from the Administrator of the estate of said Samuel H. McGuffin, one-third of the entire net balance for distribution on settlement of the estate of the said Samuel H. McGuffin.

"The Court further finds that the plaintiff, Administrator in this cause, shall pay the court costs of the proceedings on the exceptions out of the funds in his hands belonging to his estate and that the remainder shall be distributed as follows, to-wit: that there shall be paid to the Defendant, Mary E. Tyner, Administratrix of the estate of Grace Tyner McGuffin, deceased, one-third of the net estate remaining after the payment of said costs, which costs shall be paid by the said Arthur L. Stage, Administrator, as part of the costs of administration. That out of the remaining two-thirds of said net fund, there shall be paid to Frederick S. Caldwell, for his fees as attorney at the trial of the exceptions the sum of $75.00 and that the remainder two-thirds shall be paid in equal shares to the daughters and heirs-at-law of the decedent, Samuel H. McGuffin, to-wit: Erma O. Ellis, Zola L. Snodgress and Mary E. Cassada.

"It is therefore ordered and directed by the Court that the final report in this cause to which the exceptions have been filed be referred back to the Administrator, Arthur L. Stage, and that he is hereby ordered and directed to make a new report in con-

formity with this order and to file the same for examination and approval by the Court.

"It is further ordered that a certified copy of this finding and judgment be forwarded by the Clerk of the Randolph Circuit Court to the Clerk of the Henry Circuit Court and the Clerk of the Henry Circuit Court is ordered and directed to make distribution of the funds now in his hands in accordance with this finding, in accordance with the report of the Plaintiff, Arthur L. Stage, when the same is made in accordance with these findings.

"All of which is ordered and directed by the Court, to which ruling of the Court and the findings herein, the Plaintiff, at the time objects and excepts."

The appellant complied with the order and filed another report in conformity to the order of the court.

An exception was duly reserved to the finding and judgment.

Appellant filed a motion for a new trial, the overruling of which is the only error assigned.

The motion for a new trial contains seven grounds therefor, two of which are: (1) The finding of the court is not sustained by sufficient evidence. (2) The finding of the court is contrary to law. The other grounds pertain to admission and refusal to admit certain exhibits and evidence. No question is presented by these grounds 3, 4, 5, 6, and 7, as no offers to prove are shown, nor is the exhibit, nor any statement as to what it is, set out in the motion. Hence, we shall notice only grounds (1) and (2).

The ante-nuptial contract provided that each of Samuel H. McGuffin's three daughters was to receive $2,000 out of the farm, after his death. The farm was sold before his death and the Court specifically found that the daughters were each paid the $2,000 due them, under the ante-nuptial contract.

Without extending this opinion unnecessarily, it is sufficient to say that there was ample evidence to sustain

390

the court's finding. If they were each paid the amount coming to them under the contract by their father, in his lifetime, they could not require it to be paid again by this administrator.

Appellant claims that this was a gift or advancement by the father and not a payment under the contract. The lower court found otherwise, and, with evidence to sustain the finding, we are not authorized to disturb it.

The fact that the father paid his daughters the amount provided in the contract in his lifetime, and the payment was not delayed until after his death does not signify that such payments were not in fulfillment of the provisions in the ante-nuptial contract.

Having reached these conclusions, we need not discuss the proposition of appellant that these payments were gifts or advancements. The decision of the court being sustained by the evidence, such decision is not contrary to law.

Judgment affirmed.