# HIRE *v.* PINKERTON

[No. 18,646. Filed June 14, 1955. Rehearing denied September 14, 1955. Transfer denied November 15, 1955.]

*George L. Rulison,* of Ligonier, and *Bloom & Bloom,* of Columbia City, for appellant.

*Rockhill, Vanderveer, Rowdabaugh & Lee,* of Warsaw, and *Gates & Gates,* of Columbia City, for appellee.

KENDALL, P. J.—Appellee brought this action in four paragraphs in the lower court for damages against appellant for trespass upon appellee's real estate alleging that the appellant committed injury by negligently and wrongfully entering thereupon and causing to be cut and sawed into logs approximately three hundred (300) growing trees and prayed for Five Thousand ($5,000.00) Dollars damages. The fourth paragraph alleged that appellant's entry was made under a claim of having purchased the growing timber from Truman Yoder who had no right to sell the timber in question.

Appellant answered, admitting ownership in the appellee but denied other allegations. Affirmative paragraph of answer was filed admitting that he cut the timber but that he was acting under a mistake as to the boundaries of the respective owners; that the cutting added Five Hundred ($500.00) Dollars of value to the timber; that the appellant never removed any of the logs and that appellee received the full benefit worth in excess of Three Thousand ($3,000.00) Dollars. On appellee's motion, the allegation as to the Five Hundred ($500.00) Dollars being added in value was stricken from the answer.

Trial was had by jury resulting in a verdict favoring appellee for Two Thousand ($2,000.00) Dollars, upon which judgment was rendered. The specifications of appellant's motion for new trial are: that the damages assessed were excessive in that they were too large; that the verdict is not sustained by sufficient evidence and is contrary to law; that there were errors of law which were excepted to by the appellant in the admission of oral testimony and an exhibit; error in giving to the jury appellee's tendered instructions numbered five and seven to eleven, inclusive; error in refusing

to give the jury appellant's tendered instructions numbered two to six, inclusive, eight, nine and twelve.

Specification 5i alleges that the court erred in admitting into evidence over appellant's objection the will of George W. Pinkerton. This specification does not set forth the objection or substance thereof. Failure to do so presents no question on appeal.

Specification 5ii to 5vi (5v waived) related to alleged errors in permitting certain witnesses to answer questions. In each specification the appellant fails to show what objections were timely made upon which error is predicated. The rule is well settled that in a motion for new trial, in order to present alleged error in the admission of evidence, there must be set forth the question or substance thereof, the objection or substance thereof and the court's ruling, and, upon failure to do so, such alleged error is not presented on appeal. *Rogers Cartage Co.* v. *Peglow* (1952), 122 Ind. App. 481, 106 N. E. 2d 235; *Tompkins* v. *Smith* (1952), 122 Ind. App. 502, 106 N. E. 2d 487; *Quigley* v. *Ackerman* (1952), 123 Ind. App. 660, 106 N. E. 2d 100, 110 N. E. 2d 753; *May* v. *State* (1953), 232 Ind. 523, 112 N. E. 2d 439; Flanagan, Wiltrout and Hamilton, Indiana Trial and Appellate Practice, §1812, Comment 8. The reason for this rule is sound in that the trial court is entitled to have such matters called to his attention so that the court may have an opportunity to correct its ruling before appeal is taken challenging the same. *Durham* v. *City of Indianapolis* (1952), 123 Ind. App. 74, 108 N. E. 2d 205; *Blanton* v. *State* (1953), 233 Ind. 52, 115 N. E. 2d 122.

Specification 5vii relates to alleged error of the court in overruling appellant's motion "that the answers of the witness Bert Irvine, with relation to the values . . .", which motion was made by the defendant upon

cross examination. Again no question is presented for the reasons previously assigned.

Specification 5viii relate to alleged error in refusing to permit the defendant to answer certain questions. The purported questions are recited in the motion for new trial but no objection shown. Neither is there any offer to prove made. This court has no way of knowing the matter which was presented to the trial court for him to rule upon. Likewise this specification presents no question.

The same rule is applicable to specification 5ix in which appellant claims the court erred in compelling the defendant to answer on cross examination two questions. No reasons or objections are recited in this particular specification. Likewise no question is presented.

Specification 5x wherein appellant contends the court erred by giving appellee's tendered instructions five and seven to eleven, inclusive, were by reason of failure to show what objection was made at the time of trial.

The assignment of errors are: (1) That the court erred in overruling appellant's motion to strike portions of appellee's complaint (2 and 3) are waived by appellant; (4) That the court erred in sustaining appellee's motion to strike parts of appellant's answer; (5) That the court erred in overruling appellant's motion for new trial; (6) Error of court in overruling appellant's motion with respect to entry of judgment and for rehearing on new trial motion.

The first four specifications of appellant's motion for new trial question the sufficiency of the evidence to sustain the jury's verdict and the amount of assessed damages.

The facts are generally undisputed which disclose that the appellee, his father and grandfather had owned

the land in question for a number of years; that appellee and his brother owned the only two tracts of virgin timber in this area. The appellee's farm consisted of two, forty-acre tracts with a road running between the same, the buildings being on the north forty acres. The woods tract of about fifteen (15) acres was located in the northeast corner and had never been cut over. Along the north line of appellee's land is an open ditch separating it from the land owned by Truman Yoder, the man who appellant made a purchase of timber from, on which there was smaller growing timber of approximately three (3) acres.

The appellant was a timber buyer of thirteen (13) years' experience. In November, 1948, appellant was approached by Truman Yoder to buy his timber, which was later done for Eight Hundred ($800.00) Dollars. About a month later, appellee observed some down timber on his farm, went back to the woods and found two men cutting down trees on his land. Upon appellee's request, the cutting stopped immediately. Later, appellee learned that the men were cutting timber for appellant who later advised appellee that he had purportedly purchased timber from Mr. Yoder for Eight Hundred ($800.00) Dollars. The felled timber was left on the farm. The men had begun cutting in the center of the woods, cutting toward the outside of the tract diagonally; that two-thirds of the tract, or ten (10) to eleven (11) acres had been cut over when discovered by appellee. After the cutting, both parties had the cut logs scaled to determine the quantity of timber cut. It was determined that 38,416 feet of elm, 14,069 feet of oak, 11,043 feet of maple, 91 feet of walnut and 635 feet of ash had been cut (log feet). Appellee sold $1,433.00 worth of timber and kept the remainder which was established to be worth $1,567.00. The evi-

dence as to the value of appellee's land in question before the cutting was placed generally at Twenty Thousand ($20,000.00) Dollars, or Two Hundred and Fifty ($250.00) Dollars per acre; that after the cutting, the value was fixed at from Sixteen Thousand ($16,-000.00) Dollars to Seventeen Thousand ($17,000.00) Dollars, or a difference of from Three Thousand ($3,-000.00) Dollars to Four Thousand ($4,000.00) Dollars. The appellant offered no testimony as to the value of land after the cutting of timber. In determining the sufficiency of the evidence to sustain the verdict, it is necessary to determine the method of measuring the alleged damages. Generally where damages are sought for trespass on land, the action may be in two forms, (a) trespass *quare clausum fregit,* or (b) trespass *de bonis asportatis,* other than an action for the recovery thereof.

A land-owner has an election as to what form of action to bring for recovery of damages alleged to have been sustained under such facts. Where timber is destroyed by the wrongful act of another, the owner may bring an action either for the value of the destroyed timber or for the injury to the real estate. If the action is of the former, the measure of damages is the market value of the timber destroyed independently of the real estate. If his action is of the latter, the measure of damages is the difference in the value of the land before the alleged trespass and injury and immediately thereafter. 34 A. J., §117-118, p. 566; *The Board of Commissioners of Rush County* v. *Trees* (1894), 12 Ind. App. 479, 40 N. E. 535; *Indiana Pipe Line Co.* v. *Christensen* (1919), 188 Ind. 400, 123 N. E. 789.

The action was brought and tried upon the theory of trespass *quare clausum fregit.* The evidence discloses

that the damages awarded by the jury were One Thousand ($1,000.00) Dollars to Two Thousand ($2,-000.00) Dollars less than the evidence showed the difference in the value of the real estate to be before and after the felling of the timber. Appellee's evidence relative to damages related only to the difference in the value of the land before and after appellant's alleged wrongful cutting of the timber without regard to the value of the felled timber on the ground.

There was evidence of probative value from which the jury could determine that when virgin timber is cut over what remains is exposed to the elements; that the ground does not hold moisture as well and that even though the area involved was from ten (10) to eleven (11) acres, the whole farm was affected in value by the cutting of this specific tract. Growing timber has other value as a part of a tract of land other than its actual value as timber. For example, the effects of erosion, as well as market value, damage to standing and growing timber left on the tract, besides the cost incurred in cleaning up the land after the cutting of timber. Appellant contends that the jury awarded punitive damages; however, the amount awarded by the jury being less than what was testified to by many witnesses by One Thousand ($1,-000.00) Dollars to Two Thousand ($2,000.00) Dollars, it is apparent from the facts presented no punitive damages were included as contended by appellant. From the nature of the action, the investigation, if any, of the appellant as to the boundary lines, the location of the farm, the virgin timber of appellee, this court cannot say that the verdict was so excessive as to indicate that the jury acted from partiality or prejudice which must be shown to secure a reversal thereof on account of being excessive.

Appellant likewise contends that punitive damages cannot be given where by statute a defendant was subject to prosecution. His cases cited show that the acts of the cutting of timber were done and performed with evil intent to inflict injury, and, in such cases, the liability for prosecution was clear. In this case it is not contended an evil intention existed, thus the statute has no bearing. Notwithstanding, the evidence is conclusive that the verdict did not contain punitive damages. Appellee concedes that appellant was not actuated by evil intent but contends the question was whether there was a reckless disregard of appellee's right and whether appellant's negligence in ascertaining ownership of the timber amounted to such reckless disregard as would give rise to punitive damages. In this case the appellant went to Mr. Yoder's house where he inquired as to where the timber was located that he desired to sell. Yoder pointed to his timber tract to the south where both his and appellant's timber tract lay and said, "Out there it is". Evidence discloses that appellant went to the woods for inspection. Mr. Yoder's two or three-acre tract was on one side of the open ditch; the appellee's fifteen-acre tract of virgin timber was on the other side; that he returned to Yoder's house and asked the price to which Yoder replied Eight Hundred ($800.00) Dollars, whereupon appellant bought the timber. In explanation as to the difference in value of Eight Hundred ($800.00) Dollars of the cut-over tract and Three Thousand ($3,000.00) Dollars to Three Thousand, Four Hundred ($3,400.00) Dollars for appellee's tract, appellant testified that it was up to Yoder to set the price. It is hardly possible that appellant thought that he was getting fifteen (15) acres of virgin timber for Eight Hundred ($800.00) Dollars. All of these circumstances bear on the question

of reckless disregard of appellant for appellee's rights and his care used in determining which tract belonged to Mr. Yoder. From this evidence, we cannot say the verdict of the jury was excessive and is not sustained by sufficient evidence.

The jury was instructed that the measure of damages was the difference in value of appellee's land before and after the timber was cut, eliminating credit for appellant's expenses in cutting logs and the removal thereof. Appellant's instructions two, three, four and five instructed the jury as to the measure of damages not applicable to the theory upon which the trial was had and the court committed no error in their refusal. The court gave appellee's tendered instructions five, seven and eight, which we believe correctly stated the rule as to the measure of damages. Upon this issue the jury was amply instructed. The court gave appellee's instructions nine, ten and eleven dealing with reckless and wanton conduct as well as awarding punitive damages. Since appellant's refused instructions nine and ten were covered by appellee's instructions nine, ten and eleven, no error was committed; however, the court gave appellant's instruction eleven defining "wanton and oppressive" conduct, notwithstanding there was no evidence or contention of malice on the part of the appellant.

The appellant does not point out wherein the refusal to give his instructions eight and ten were error. He says, "and the refusal to give appellant's instructions eight, nine, ten and twelve were also error". Such statement does not comply with the rule but notwithstanding the subject matter was covered by other proper instructions. No error was committed in refusing to give instruction number six which dealt with the admission into evidence of the

will of George Pinkerton. We cannot visualize how the appellant could be harmed by proof of title in the appellee in this manner. The court gave appellant's instruction number thirteen advising the jury that in determining damages, if any, they should not be guided by any sentimental attachment of the appellee for said real estate on account of ownership in his predecessors, being his father and grandfather. In reference to assignment of error number one, the evidence reveals that the matters sought to be stricken were sustained by sufficient evidence. Such allegations had a bearing upon the question of appellant's negligence as alleged. The appellee charged gross negligence and the allegations sought to be stricken would tend to show that the means of ascertaining the ownership of land and timber were available to appellant prior to the alleged trespass. Since no punitive damages were awarded or included in the verdict of the jury, such question is moot. It is a general rule that there can be no reversible error in overruling a motion to strike out parts of any pleading. Lowe's Revision of Works' Indiana Practice, §2330 and authorities cited. Notwithstanding who owned the timber, the price paid, were all matters of evidence and nothing confusing appeared as a result of the court's ruling and the court committed no error in overruling appellant's motion to strike.

As to assignment of error number four, the trial court committed no error in sustaining appellee's motion. By his ruling there was stricken out of appellant's answer certain allegations regarding the amount which had been expended by the appellant in the cutting of the timber into logs. Appellant's contention being that the amount so expended by the appellant added to the value of the timber when cut and that such amount would mitigate appellee's

expenses. Again this brings into discussion the distinction between damages in an action of trespass *quare clausum fregit* and damages in an action of trespass *de bonis asportatis*. The facts here are different than in appellant's cited case of *Cypress Creek Coal Co.* v. *Boonville Mining Co.* (1924), 194 Ind. 187, 142 N. E. 645. Here the cut timber remained on the land and appellant's action was not for the recovery of the value of the timber but for the damages sustained as a result of the cutting thereof. Again the jury, we believe, was properly instructed and appellant was not harmed by the court's ruling.

Assignment of error numbers five and six deal with the alleged error of the trial court in overruling appellant's motion for new trial and appellant motion for rehearing for new trial motion. We have discussed various specifications of the motion for new trial and the court committed no error in overruling the same or motion for rehearing on a motion for new trial which generally is not recognized. Finding no error, judgment affirmed.

Pfaff, C. J., not participating.

NOTE.—Reported in 127 N. E. 2d 244.