LAKE STATE TRUCKING, INC. *v*. NEW YORK CENTRAL
RAILROAD COMPANY.

BAUGHMAN *v*. NEW YORK CENTRAL RAILROAD COMPANY.

[No. 20,277 & No. 20,278. Consolidated under Cause No. 20,277.
Filed October 21, 1965. Rehearing denied December 15,
1965. Transfer denied September 16, 1966.]

*Richard D. Bonewitz* and *Hammerschmidt & Bonewitz*, of
South Bend, and *Bruce W. Douglas* and *Douglas, Douglas &
Douglas*, of Valparaiso, for appellants.

*Richard O. Olson*, of Chicago, Illinois, and *Owen W. Crumpacker, Harold Abrahamson, Richard P. Komyatte* and *Crumpacker & Abrahamson*, of Hammond, for appellee.

HUNTER, J.—This is a consolidated appeal from a consolidated jury trial. Appellant, Baughman, had instituted suit against appellee, New York Central Railroad Company, for damages attributable to personal injuries resulting from a collision of a truck driven by Baughman with a New York

Central passenger train. Appellant, Lake State Trucking, Inc., had filed a suit against appellee, New York Central, for damages to the truck growing out of the same collision. These complaints identically alleged various acts of negligence of appellee, of which one such allegation was "operating a train at a rate of speed of fifty to sixty miles per hour in violation of an ordinance in the City of Anderson, Indiana." Appellee filed a cross-complaint alleging acts of negligence on appellants' parts requesting property damages against appellant, Lake State Trucking, Inc. The trial by jury resulted in a verdict against appellants on their complaints and against appellee on its cross-complaint; thereby all parties took nothing by their complaints.

Appellants' assignment of error alleges that the trial court erred in overruling their motions for a new trial. The identical question that appellants attempt to raise by assigning this alleged error concerns the trial court's refusal to allow into evidence an Anderson ordinance pertaining to speed limit of trains. At the outset we must be concerned with appellants' motions for a new trial because appellee in his brief argues that these identical motions for new trial are inadequate in that such have failed to preserve a question for consideration of this court. The identical motions, insofar as they concern the only question argued by appellants in this appeal are quoted verbatim as follows:

### "Motion for New Trial

"The plaintiff in the above-entitled cause moves for a new trial herein on the following grounds:

"1. The Court erred in excluding the following evidence offered by the plaintiff: duly certified copy of an ordinance of the City of Anderson, Indiana regulating the speed of trains, together with certified copies of the proofs of publication thereof offered in evidence by plaintiff as plaintiff's Exhibits 7a, 7b, 7c, 7d, 8a and 8b.

. . .

"WHEREFORE, plaintiff prays the Court for a new trial of said cause."

Appellee submits that the foregoing motion for new trial presents no question for review because such motion does not set out the objections to the evidence. Appellee ■ cites the following authorities for the proposition that where the motion for new trial claims error in the exclusion of certain evidence but does not set out the objections that were made to the evidence at trial no question is presented for review: *Chesapeake & Ohio Ry. Co.* v. *Pace* (1961), 132 Ind. App. 321, 175 N. E. 2d 895; *Coleman* v. *New York, Chi. & St. L. R. R. Co.* (1951), 121 Ind. App. 616, 101 N. E. 2d 721; *Loehr* v. *Meuser* (1950), 120 Ind. App. 630, 93 N. E. 2d 363; Flanagan, Wiltrout, & Hamilton, *Indiana Trial and Appellate Practice,* § 1812, Comment 8a, p. 388 and cases cited thereunder.

Appellee is indeed correct that these authorities and many others so hold. Appellants, in their reply brief quite effectively attempt to negate the numerous decisions enunciating the above rule by the following reasoning:

> It is unnecessary to set out the objection to the evidence in the motion for a new trial where such evidence is *excluded* because if *any* valid objection exists which would sustain the trial court, such will be utilized to uphold the trial court regardless of whether or not it was stated at the trial. Thus, restating the objection offered at trial would not aid the trial court in considering the motion for a new trial.

We are quite impressed with this argument. However, because of the compelling weight of judicial authority, both from this court and recent pronouncements of the Indiana Supreme Court and the continued existence of the rule for a number of years, we are constrained to hold that appellants have failed to properly present a question to this court in that their motion for a new trial failed to set forth the objections made by the appellee to the excluded evidence.

The rule that the objections to the question must be included in the motion for a new trial evidently began with

dictum in the Indiana Supreme Court case of *Greer* v. *State* (1929), 201 Ind. 386, 388, 168 N. E. 581,[1] wherein the court stated:

> "The appellant did not set out in his motion for a new trial, nor has he set out in his brief, the answers given to the questions of which he complains. These answers, or at least a statement of their substance, and not merely the questions themselves, must be presented, *together with his grounds of objection*, in order for a determination to be made by this court of the existence of harmful error, and the court will not search the record for the evidence adduced by the questions complained of." (Our emphasis)

This rule was again stated by the Indiana Supreme Court as dictum in *Eva* v. *State* (1932), 203 Ind. 340, 180 N. E. 183. However, the rule was a direct holding in the case of *Kenwood Tire Co.* v. *Speckman* (1931), 92 Ind. App. 419, 423, 424, 176 N. E. 29, where this court held: ". . . the ground of the motion to strike out (certain evidence admitted) not being stated in the motion for a new trial there is no reversible error shown in the ruling of the court in reference thereto." (Citing cases)

The above cited decisions and others in the early 1930's definitely established the rule by case law that the objections to evidence *admitted or excluded* by the trial judge must be contained in the motion for a new trial in order to present a question on review. The rule has persisted to today by the vehicle of numerous authorities. See Flanagan, Wiltrout and Hamilton, *supra,* and 1 I.L.E., *Appeals,* § 172, footnote 29.

We have reviewed most of the recent cases relative to this rule and find that at times the question sought to be presented to the court on appeal concerned the admission of certain evidence. Yet, the rule stated speaks of the necessity to set forth the objection in the motion for new trial when there is

---

1. See 9 Indiana Law Journal (1933), *The Growth of A Dictum,* p. 149 where the author discusses the beginning of this rule and criticizes such.

assigned error in the *admission or exclusion* of evidence. See e.g. *Triggs, etc.* v. *State* (1958), 238 Ind. 260, 262, 263, 149 N. E. 2d 545; *Blanton* v. *State* (1953), 233 Ind. 51, 55, 115 N. E. 2d 122; *McKinley etc. et al.* v. *Overbay* (1961), 132 Ind. App. 272, 276, 177 N. E. 2d 389; *Bulen* v. *Pendleton Banking Co.* (1948), 118 Ind. App. 217, 223, 78 N. E. 2d 449. There are numerous decisions holding that the objections to the evidence must be included in the motion for new trial when the admission of such evidence is questioned. See e.g. *Prough* v. *State* (1957), 236 Ind. 655, 142 N. E. 2d 603; *Boyle* v. *State* (1955), 234 Ind. 215, 125 N. E. 2d 707; *May* v. *State* (1953), 232 Ind. 523, 112 N. E. 2d 439; *Crawford* v. *State ex rel. Anderson* (1949), 227 Ind. 665, 87 N. E. 2d 877; *Hire* v. *Pinkerton* (1955), 126 Ind. App. 23, 127 N. E. 2d 244; *Pennsylvania R. Co.* v. *Sargent, Admrx.* (1949), 119 Ind. App. 195, 83 N. E. 2d 793; also see the cases cited hereinabove.

The above cited decisions may be considered questionable authority insofar as being binding upon appellants in the instant case in that they have failed to set forth in their motion for new trial the objections made to evidence which was *excluded* by the trial judge. However, there are several cases which are directly in point which bind our decision herein. The following more recent authorities directly hold that the objections to the evidence must be included in the motion for new trial where evidence is excluded in order to preserve error for consideration on appeal. *City of Indianapolis* v. *Pollard* (1960), 241 Ind. 66, 69-70, 169 N. E. 2d 405; *Hunt* v. *State* (1956), 235 Ind. 276, 281, 133 N. E. 2d 48; *Matthews* v. *Adoniram Grand Lodge etc.* (1958), 129 Ind. App. 395, 399, 154 N. E. 2d 806; *Rephan* v. *City of Evansville* (1951), 122 Ind. App. 271, 274, 102 N. E. 2d 514; *Loehr* v. *Meuser, supra.* There are many other Supreme and Appellate Court cases with a similar holding. Their citation would only be cumulative.

A search through the cases gives the following stated reasons for the rule:

(1) "We should not be compelled to search the record to find the particular ruling to which objection was made." *City of Indianapolis* v. *Pollard, supra,* at p. 70; *Triggs, etc.* v. *State, supra,* at p. 262.

(2) "The reason for this rule is sound in that the trial court is entitled to have such matters called to his attention so that the court may have an opportunity to correct its ruling before appeal is taken challenging the same." *Hire* v. *Pinkerton, supra,* at p. 26; *Triggs, etc.* v. *State, supra,* at p. 262.

(3) "Cases to support this firmly entrenched principle are legion." *Chesapeake & Ohio Ry. Co.* v. *Pace, supra,* at p. 352.

In reference to the above reasons for the rule, we offer the following comments. We need not search the record for the objections made to the evidence excluded in the instant case in that appellants have set forth such objections in their brief. The trial judge need not have the objections to *excluded* evidence called to his attention because it makes no difference whether or not the particular objections made were valid. Any valid objection could be resorted to in order to uphold the trial court's ruling. Thus, when the motion for a new trial is considered by the trial judge, he only needs to decide whether the exclusion of the evidence was objectionable in any manner. Likewise, on appeal, if the objections to the excluded evidence were neither in the motion for new trial, nor set forth in the brief, the omission would seem to be relatively harmless in that we could utilize any objection to sustain the trial court's ruling on the excluded evidence. In other words, on the factual situation here presented, the logic for the rule is difficult to perceive.

Nevertheless, the fact that the rule is "firmly entrenched" in Indiana Supreme Court decisions compels us to negate the above arguments advanced in opposition to the rule because

we must follow the ruling precedents of the Supreme Court. See Indiana Supreme Court Rule 2-23 (4) (a).

Therefore, the judgment of the trial court must be affirmed.

Judgment affirmed.

Bierly, C.J., Mote and Smith, JJ., concur.

NOTE.—Reported in 210 N. E. 2d 877.