## STATE OF INDIANA *v.* LONERGAN.

[No. 668-S-89. Filed June 20, 1969. No petition for rehearing filed.]

*John J. Dillon,* Attorney General, *Michael V. Gooch,* Deputy Attorney General, for appellant.

*Thomas B. Dumas,* Rensselaer, *Richard W. George,* Fort Wayne, for appellee.

HUNTER, J.—This is an appeal from a condemnation proceeding filed by appellant against appellee to appropriate certain parcels of land for the improvement of Road I-65. Suit originated in the Jasper Circuit Court to appropriate the fee simple in a certain tract of land and temporary easements over several other tracts. Appraisers awarded appellee total damages of $50,564.00 to which appellant State of Indiana took exception by filing suit. The jury returned a verdict for the appellee in the amount of $62,660.00 with interest to be computed by the court. Appellant's sole contention on appeal is that the trial court erred in sustaining appellee's objection to a question propounded during direct examination of a real estate expert as to how he arrived at his valuation of the highest and best use of the residue of appellee's property.

The appellant filed a motion for a new trial contending that:

"1. Error of law occurring at the trial as follows:
. . . . .
(b) The Court erred in sustaining the objection of the defendant to the question propounded by the plaintiff to his witness, Phillip H. Banawitz, asking how he arrived at his opinion of the highest and best use of the property which remained after the taking.

Appellee contends the appeal presents no question for review and should be dismissed for the reason that the motion for new trial does not set forth the question, the objection, the ruling of the court or the offer to prove. Appellant concedes these facts, but argues the purpose of the rule is complied with where the trial court and this court have before them sufficient information on which to rule. It should be noted that the witness was the State's witness on direct examination, and as such, presumably the exact testimony sought to be elicited was known to the examining attorney. Thus the proper trial procedure dictates that an offer to prove must be made following the trial court's ruling on objection. In such a case both the trial court and this court would then have been in a position to determine the admissibility and relevance of the testimony sought to be elicited.

In *Van Sickle v. Kokomo Water Works Co.* (1959), 239 Ind. 612, 158 N. E. 2d 460, this court reaffirmed the rule that in order to preserve any question regarding the admission of evidence, the motion for new trial must set forth the question, the objection and the answer. Further, to preserve any question regarding the exclusion of evidence, the motion must set forth the question, the ruling and the offer to prove. It is not required that the evidence and objections be set out verbatim; rather it is sufficient if the matter is alluded to with sufficient certainty to call the court's attention to the evidence alleged to have been rejected erroneously. *Heltonville Mfg. Co. et al. v. Fields*

(1894), 138 Ind. 58, 36 N. E. 529. *Gough et al. v. State ex rel. Peters* (1903), 32 Ind. App. 22, 68 N. E. 1043. However, when the motion is based on a refusal to allow a particular question to be answered, the motion should set forth both the exclusion of the evidence and the offer to prove. *Stage, Admr. v. Tyner, Admx.* (1932), 96 Ind. App. 385, 185 N. E. 295.

The appellant's argument is logical, however, it fails to cite any authority in support thereof. The weight of authority rests with the appellee. The appellant has failed to properly present the question on appeal in its motion for a new trial for the reason that it failed to make an offer to prove. For a comprehensive discussion of the historical roots in all cases arising out of error predicated on a trial court's evidentiary ruling, see *Lake State, etc. and Baughman v. N.Y.C.R.R. Co.* (1965), 139 Ind. App. 311, 210 N. E. 2d 877, transfer denied September 16, 1966. However, in the instant case, we are of the opinion the rule should be strictly adhered to in order to present any question for review on appeal.

We are of the opinion therefore that the motion to dismiss the appeal should be granted and it is so ordered.

DeBruler, C. J., Arterburn, Givan and Jackson, JJ., concur.

NOTE.—Reported in 248 N. E. 2d 352.