IN THE MATTER OF THE ANNEXATION PROPOSED BY ANNEXA-
TION ORDINANCE NO. X-21-68 BEING AN ORDINANCE WHICH
WOULD ANNEX CERTAIN TERRITORY TO THE CITY OF FORT
WAYNE, INDIANA AND INCLUDE THE SAME IN COUNCILMAN
DISTRICT NO. 4, MARION CROTHERS AND OTHERS, *v.* CITY OF
FORT WAYNE.

[No. 3-572A5. Filed January 30, 1973. Rehearing denied March 7, 1973.
Transfer denied July 16, 1973.]

*John E. Hoffman, Hoffman, Moppert, Solomon & Miller*, of counsel, of Fort Wayne, for appellant.

*John M. Clifton, Jr., J. A. Bruggeman, Barrett, Barrett & McNagny*, of Fort Wayne, for appellee.

HOFFMAN, C.J.—The primary issue in this appeal is whether each of the primary determinants required for annexation is supported by sufficient evidence. The primary determinants are sets forth in Acts 1955, ch. 269, § 3, p. 720[1] as found in Ind. Ann. Stat. § 48-702 (urns 1963), as follows:

"The judge of the court shall, upon the date fixed, proceed to hear and determine such appeal without the intervention of jury, and shall, without delay, give judgment upon the question of such annexation according to the evidence which either party may introduce. Such evidence demonstrating the presence of the following conditions shall be considered the primary determinants of the annexation's merit:

(a) The annexation is in the best interests of the city and of the territory sought to be annexed.

(b) The area is urban in character, being an economic and social part of the annexing city.

(c) The terms and conditions set forth in the ordinance are fair and just.

(d) The city is financially able to provide municipal services to the annexed area within the reasonably near future.

(e) The area sought to be annexed, if undeveloped, is needed for development of the city in the reasonably near future.

(f) The lines of the annexation are so drawn as to form a compact area abutting the municipality.

"If the judge of the court shall find that the primary determinants enumerated above apply to the annexation, it shall take place notwithstanding the remonstrance and notwithstanding, further, the provisions of any other statute of this state."

Annexation Ordinance No. X-21-68 was adopted by the Common Council of the City of Fort Wayne on September 10, 1968, and was approved by the Mayor of the City of Fort Wayne on September 11, 1968. The remonstrators-appellants herein, who represent more than a majority of the landowners in the annexation territory and are the owners of more than 75% in assessed valuation of the real estate in the annexation territory, filed their remonstrance against the annexation proposed by Ordinance No. X-21-68. On December 17, 1971, the Allen Superior Court, having heard evidence on

---

1. Repealed by Acts 1969, ch. 239, § 8, effective January 1, 1970.

the remonstrance, entered findings and judgment (as amended by *nunc pro tunc* orders) :

"The Court * * * finds that the annexation remonstrated against should be upheld. * * *

"The Court now finds that the following determinants exist: (a) The annexation is in the best interests of the City and of the terirtory sought to be annexed; (b) The area is urban in character, being an *econonic* [economic] and social part of the annexing city; (c) The terms and conditions of the annexing ordinance are fair and just; (d) The City is financially able to provide municipal service to the annexed area; (e) The area is needed for future development of the City; and (f) That the lines of the annexation form a compact area abutting the City.

"The Court now orders that annexation Ordinance X-21-68 of the City of Fort Wayne take full force and effect."

The timely motion to correct errors filed by the remonstrators was overruled and this appeal followed.

On appeal, remonstrators-appellants contend that the findings of the trial court as to the primary determinants are contrary to law because they are not supported by sufficient evidence. The contentions of appellants are based on certain conclusions drawn from the evidence. Such contentions cannot be accepted without weighing the evidence and considering the credibility of the witnesses. This we cannot do.

The scope of review to be applied by this court was set forth in *Smith, et al.* v. *The Incorp. Town of Culver, Ind.* (1968), 249 Ind. 665, at 667, 234 N.E.2d 494, at 496, as follows:

"We do not on appeal weigh and consider the evidence to determine whether or not the appellee-town has 'established' all the primary determinants in a case of annexation. We may only consider the evidence most favorable to the finding of the town board, [Common Council] with all reasonable inferences to be drawn therefrom. If there is a conflict in the evidence before the trial court, the decision of the town board [Common Council] must stand as to the facts."

Appellants cannot prevail unless there is a complete failure of proof with regard to one of the determinants. *Abell* v. *City of Seymour* (1971), 149 Ind. App. 163, 275 N.E.2d 547, 28 Ind. Dec. 101.

Having considered the evidence most favorable to the findings of the trial court and the reasonable inferences flowing therefrom, we find that each of the primary determinants is supported by sufficient evidence. We need not belabor this opinion by setting forth the evidence supporting each determinant. It will here suffice to point out the facts which, if viewed most favorably to the findings of the trial court, support the primary determinants.

The area in question consisted of approximately 210 acres within an approximate population of 1,250 people. It contained approximately 391 residential structures, nine commercial buildings and two institutional buildings. The area, although irregular in shape, is a compact area and abuts the present boundary of the municipality. There is evidence that the area is approximately 60% developed.

There is evidence that the following services are, or will be, available in the reasonably near future to the area: garbage service, police and fire protection, ambulance service, street lighting, decreased insurance costs, water and sewer services, and street repair and maintenance.

There is evidence that the following advantages would accrue to the city if the annexation takes place: traffic control, increased tax base and bonding power, additional recreational facilities, more uniform code enforcement, and further the planning of the City of Fort Wayne.

The foregoing facts, along with the remainder of the evidence contained in the record before us and the reasonable inferences flowing therefrom, sufficiently support the findings of the trial court that the primary determinants are satisfied.

Appellants specifically argue that the "best interests" of the city must be other than increased tax benefits. Appellants

are correct in that general statement. *City of Aurora* v. *Bryant, et al.* (1960), 240 Ind. 492, 165 N.E.2d 141. However, as in *Sarringhaus* v. *City of Shelbyville* (1971), 149 Ind. App. 255, 271 N.E.2d 471, 26 Ind. Dec. 388 (transfer denied), the evidence shows other reasons for annexation.

Appellants argue that there will be no change in services after annexation. We have hereinabove set forth certain of the evidence contained in the record before us. Moreover, it was stated in *Sarringhaus* v. *City of Shelibyville, supra,* at 257 of 149 Ind. App., at 472 of 271 N.E.2d:

> "The fact that some of these services are already provided by the City does not form the basis, as a matter of law, for the annexation ordinance to be held invalid."

Appellants argue that there is no evidence that the area is urban in character. We have heretofore pointed out that the area is 60% developed. Furthermore, the parties entered into the following pre-trial stipulation:

> "The area sought to be annexed constitutes a general social and economic part of the metropolitan community of Fort Wayne, Indiana, and a substantial number of the residents of said area are employed, work in, shop at, and use the business, health, and recreational services and facilities located within the City of Fort Wayne, Indiana."

Appellants urge that there is no evidence to show the area is a compact area. We have examined the maps and other evidence contained in the record before us. There can be no dispute that the area abuts the municipality. There is also evidence which yields the inference that the area is "compact" under the definition of *In re Annexation, etc.* v. *City of Princeton* (1957), 128 Ind. App. 104, 146 N.E.2d 422.

Appellants argue that there is no evidence that the terms of the ordinance are fair and just, that the city is financially able to provide services in the reasonably near future, and that the area is needed for development of the city in the

reasonably near future. Appellants also argue that the competitive disadvantage to the area caused by the annexation shows the arbitrariness of the action.

Our review of the record is not limited to any particular piece of evidence nor any specific portion of the testimony. We are bound to review the record *in toto,* but we may not weigh the evidence contained therein. We find reasonable inferences flowing from the evidence which are contrary to the above arguments. Therefore, we will not disturb the judgment of the trial court. *Smith, et al.* v. *The Incorp. Town of Culver, Ind., supra.*

Appellants allege that the trial court erred in refusing to permit one of the witnesses to answer certain questions asked on cross-examination. Such error, if any, has not been preserved for appeal because no offer to prove was made to the trial court. *State* v. *Lonergan* (1969), 252 Ind. 376, 248 N.E.2d 352.

The judgment of the trial court is affirmed.

Affirmed.

Sharp and Staton, JJ., concur.