CITY OF AURORA *v*. BRYANT ET AL.

[No. 29,780. Filed March 9, 1960. Rehearing denied April 28, 1960.]

494

*Richard R. Mattingly, Hartell F. Denmure,* both of Aurora, *Michael L. Fansler, Gustav H. Dongus* and *Fansler, Fauvre, Dongus & Chambers,* of counsel, all of Indianapolis, for appellant.

*Charles A. Lowe, Richard K. Ewan, William M. Turner, James T. Hooper,* all of Lawrenceburg, *Gilmore S. Haynie, David B. Keller* and *Campbell, Livingston, Dildine & Haynie,* of counsel, all of Ft. Wayne, for appellees.

BOBBITT, J.—This action was brought under Acts 1949, ch. 216, §2, p. 701, being §48-702, Burns' 1950 Replacement.[1]

The Common Council of appellant City of Aurora adopted an ordinance annexing certain territory under the provisions of Acts 1905, ch. 129, §242, being §48-701, Burns' 1950 Replacement. Less than 51% of the persons owning property in the territory sought to be annexed filed their written remonstrances in the Dearborn Circuit Court. After hearing evidence, the trial

---

1. Section 48-702, Burns' 1950 Replacement, is §243 of ch. 129 of the Acts of 1905, as amended by ch. 153 of the Acts of 1935 and ch. 216 of the Acts of 1949.

court found that "the adding of the territory sought to be annexed to the City of Aurora will not be for its interest," and "will cause manifest injury to persons owning property in such territory."

From a judgment that the territory described in the ordinance "shall not be annexed to the City of Aurora" this appeal is prosecuted.

*First:* In disposing of this case we must first determine the question presented by appellant's Assignment of Error No. 4, which is as follows:

"4. The trial court was without jurisdiction to decide whether the annexation of the territory involved to the City of Aurora was in the interest of said city or would work manifest injury to the persons owning property in the territory sought to be annexed, and Chapter 129, Section 243, of the Acts of 1905, as amended by Chapter 153 Section 1 of the Acts of 1935, and Chapter 216, Section 2 of the Acts of 1949, insofar as said Section seeks to vest jurisdiction in the trial court to decide said question, is unconstitutional and in conflict with Article III, Section 1 of the Constitution of Indiana."

Section 48-701, *supra*, provides, in pertinent part, as follows:

"The common council shall have power, by ordinance, to declare and define the entire corporate boundaries of such city, . . . Said *common council* may also, by separate ordinance, not purporting to define the entire boundaries of such city, annex contiguous territory, whether platted or not, to such city, . . ."

Section 48-702, *supra*, provides, in pertinent part, as follows:

"Whenever such territory is annexed to such city as provided in the foregoing sections, . . . an appeal may be taken from such annexation by one [1] or more persons deeming himself or themselves ag-

grieved, or injuriously affected, filing their remonstrances in writing against such annexation, together with a copy of such ordinance, in the circuit or superior courts of the county where such territory is situated within thirty [30] days after the last publication provided for in the preceding section; such written remonstrance or complaint shall state the reason why such annexation ought not in justice take place. . . . The court shall thereupon proceed to hear and determine such appeal without the intervention of a jury, and shall give judgment upon the question of such annexation according to the evidence which either party may introduce relevant to the issue. If the court should be satisfied upon the hearing of [that] less than fifty-one [51] per cent of the persons owning property in the territory sought to be annexed, have remonstrated, and that the adding of such territory to the city will be for its interest and will cause no manifest injury to the persons owning property in the territory sought to be annexed, he shall so find and said annexation shall take place. . . . In case the decision is adverse to such annexation, no further annexation proceedings for such territory shall be lawful for two [2] years after the rendition of such judgment."

Section 48-702, *supra,* is unconstitutional if it attempts to delegate legislative powers and functions to the courts.

It is the duty of this court to sustain the constitutionality of an Act of the Legislature if it can be done by a reasonable construction; and any doubt concerning the constitutionality of an Act must be resolved in favor of its validity. *State, P. R. R. Co., et al.* v. *Iroq. Cons. Dist. Ct., et al.* (1956), 235 Ind. 353, 356, 133 N. E. 2d 848; *Wright-Bachman, Inc.* v. *Hodnett, et al.* (1956), 235 Ind. 307, 316, 133 N. E. 2d 713; *Fairchild, Prosecuting Atty., etc.* v. *Schanke, et al.* (1953), 232 Ind. 480, 483, 113 N. E. 2d 159.

The burden is upon appellant here to establish the

alleged unconstitutionality. *Hanley* v. *State, Dept. of Conservation et al.* (1955), 234 Ind. 326, 332, 123 N. E. 2d 452; *Illinois Steel Company* v. *Fuller* (1939), 216 Ind. 180, 185, 23 N. E. 2d 259.

We have no quarrel with appellant's assertion "that the annexation of a territory to a municipality is a legislative function" and may not be delegated to the courts. This has long been the rule in Indiana. *Wiley* v. *The Corporation of Bluffton* (1887), 111 Ind. 152, 156, 12 N. E. 165; *Forsythe et al.* v. *The City of Hammond* (1895), 142 Ind. 505, 516, 40 N. E. 267, 30 L. R. A. 576, (Rehearing denied 41 N. E. 950) ; *Paul* v. *The Town of Walkerton* (1898), 150 Ind. 565, 569, 50 N. E. 725; *Perry Tp.* v. *Indianapolis Power & Light Co.* (1946), 224 Ind. 59, 73, 64 N. E. 2d 296; *City of Indianapolis* v. *Wynn* (1959), 239 Ind. 567, 157 N. E. 2d 828, 832. This is also the general rule in other States which have constitutional provisions for the separation of powers similar to those in the Constitution of Indiana. *City of St. Joseph* v. *Hankinson* (1958), — Mo. —, 312 S. W. 2d 4, 8. 37 Am. Jur., Municipal Corporations, §25, p. 641; 2 McQuillin, Municipal Corp., 3d ed., §7.10, p. 277. See also: 64 A. L. R., Anno., p. 1336 and cases there cited.

It is also generally held that the power to determine when conditions exist which warrant the annexation of territory to a municipality may be legally vested in the courts. *Paul* v. *The Town of Walkerton, supra* (1898), 150 Ind. 565, 573, 50 N. E. 725; *Forsythe et al.* v. *The City of Hammond, supra* (1895), 142 Ind. 505, 517, 40 N. E. 267, 30 L. R. A. 576, (Rehearing denied 41 N. E. 950). 37 Am. Jur., Municipal Corporations, §25, p. 641, *supra.* 16 C. J. S., Constitutional Law, §139(2), p. 638. See also: Annotation 64 A. L. R. (c), p. 1352.

Section 48-701, *supra,* vests the exclusive authority to annex territory in the Common Council of the city. At no place in the entire Annexation Act are the courts given the power to determine whether or not additional territory shall be annexed to the city. *City of Indianapolis* v. *Wynn, supra* (1959), 239 Ind. 567, 157 N. E. 2d 828, 832; *Vesenmeir et al.* v. *City of Aurora, etc.* (1953), 232 Ind. 628, 634, 115 N. E. 2d 734.

Section 48-702, *supra,* provides that whenever a territory is annexed by the Common Council of the city (as provided in §48-701, *supra*) a remonstrance may be filed setting forth "why such annexation ought not in justice take place." A hearing on such remonstrance by the Circuit or Superior Court is provided. However, the power and duties of the court are, under the remonstrances in the case at bar,[2] limited to ascertaining whether the annexation will be for the interest of the city and will cause no manifest injury to the persons owning property in the territory. If the court is satisfied that these two conditions are met it "shall so find"; and "said annexation shall take place." The judgment of the court merely establishes the fact that the conditions of the statute, necessary to overcome a remonstrance, have or have not been met, and if they have been met the statute then *ex proprio vigore,* annexes the territory. *City of Indianapolis* v. *Wynn, supra; Paul* v. *The Town of Walkerton, supra.* If the finding of the trial court is that the adding of such territory will not be for the interest of the city and will cause manifest injury to the persons owning property in the territory sought to be annexed, the annexation is suspended, not by the judgment of the court but by operation of the statute, for a period of two (2) years after the rendi-

2. Because less than 51% of the persons owning property in the territory sought to be annexed have remonstrated in this case.

tion of the judgment upon such finding. Section 48-702, *supra.*

,As stated in *Vesenmeir et al.* v. *City of Aurora, etc., supra* (1953), 232 Ind. 628, at page 634, 115 N. E. 2d 734, 738,

> "A proceeding looking to the annexation of property could not be instituted before the court. It could only be instituted by the common council. The court had only the jurisdiction conferred by statute which was in the nature of an appellate jurisdiction which it could assume and exercise only within the provision of the statute."

As we have stated hereinabove, the annexation of territory to a city is a legislative function. This function is exercised by the Common Council when it passes an ordinance to annex additional territory to the city. Subsequent proceedings had upon the filing of a remonstrance are of a judicial nature. The remonstrance, under the 1905 Act, as amended, must give the reasons why, in the opinion of the remonstrator, the annexation should not take place. The sufficiency of such reasons, and whether they in fact exist, calls for a decision of the court in which the remonstrance is filed. Whether the proper statutory steps have been taken, whether the reasons given in the remonstrance are sufficient, whether the adding of territory will be for the city's interest, whether the proposed annexation will cause manifest injury to the persons owning property in the territory, and whether other conditions of the statute have been met are all facts which may be determined by the courts in the manner provided in §48-702, *supra.* In performing such function, the court is not re-establishing and changing the boundaries of governmental units. The court is, by the provisions of §48-702, *supra,* simply given the power

to determine, in the event there is a remonstrance filed, whether certain conditions imposed by the statute are met. The court is not authorized to act unless a remonstrance is filed, and if one is not filed the annexation becomes effective without any submission to, or action by, the court. *City of Indianapolis* v. *Wynn, supra.*

Appellees have cited and discussed several cases heretofore decided by this court pertaining to annexation statutes in force prior to the 1905 Act, here under consideration. Included among them are *Forsythe et al.* v. *The City of Hammond, supra* (1895), 142 Ind. 505, 40 N. E. 267, 30 L. R. A. 576, (Rehearing denied 41 N. E. 950), and *Paul* v. *The Town of Walkerton, supra* (1898), 150 Ind. 565, 50 N. E. 725. However, these cases are of little assistance in the solution of the problem with which we are here confronted, because they were all decided under a statute[3] which fixed the power of annexation in the Board of County Commissioners, whose actions were reviewable as that of other administrative boards. Hence, we have not relied upon them in our determination of the issue here presented, and feel that any further discussion of them would uselessly extend this opinion.

Similar questions have, however, been decided in other jurisdictions. *Lewis* v. *Town of Brandenburg* (1898), 105 Ky. 14, 47 S. W. 862, involved an annexation statute which provided first that an ordinance should be enacted and published, giving notice to the public of the intention of the board of trustees to annex the territory, and providing further for a right to a special proceeding before the circuit court by the residents and freeholders of the territory proposed to be annexed, and if the court found the existence of certain specified facts alleged by the remonstrating petitioners,

---

3. 1 R. S. 1852, p. 482, being Burns' R. S. 1894, §§4426-4427.

the town was prohibited from attempting to annex the territory for a period of two years.

In answer to appellant's assertion that the Kentucky Act was unconsitutional as being a delegation of legislative power to the circuit court, the Court of Appeals of Kentucky, at pages 863-864 of 47 S. W., said:

"Granting, for the sake of argument,—what we are by no means disposed to concede,—that under our constitution, with its evident purpose to take from the legislature its power of action by local statutes in such local matters as this, and confer it upon other bodies of magistracy, the power of enlargement of the boundaries of municipalities is a purely legislative power, it may be said that in this case it was conferred upon a legislative board, and that to the circuit courts was given, not the right of reviewing the legislative action of such board, but, by judicial investigation, to determine and adjudge whether facts existed which authorized such action by the local legislature."

The Supreme Court of Tennessee in *Witt* v. *McCanless* (1956), 200 Tenn. 360, 292 S. W. 2d 392, recently considered an annexation statute which provided that any aggrieved property owner within the territory annexed might file a suit in the nature of a quo warranto proceeding to contest the validity of an annexation ordinance on the ground that it reasonably may not be deemed necessary for the welfare of the residents and property owners, and that the issue before the court shall be whether the proposed annexation be or be not unreasonable in consideration of the health, safety and welfare of the citizens and property affected.

In reply to an assertion that the Act violated certain provisions of the Constitution of the State of Tennessee in that it attempted to delegate legislative powers to the courts, at page 396 of 292 S. W. 2d the court said:

". . . there is no delegation to the court of the power to extend or contract municipal boundaries, which is a legislative power, but the court is simply given the power to determine whether the ordinance is reasonable or unreasonable with respect to health, safety and welfare of the citizens of the territory and the court is not called upon to act until an ordinance has been passed."

Do the conditions imposed by the provisions of §48-702, *supra*, when a remonstrance is filed by less than 51% of the people owning property in the territory affected, consist of facts which are ascertainable by the courts, or do they, as appellant contends, require the court to exercise its judgment and determine "whether the annexation is advisable?"

These conditions were recognized as matters of fact, which are capable of being definitely established by evidence in *Arnholt* v. *City of Columbus* (1957), 128 Ind. App. 253, 145 N. E. 2d 660, (Rehearing denied). We reaffirm the reasoning in that case. Cf.: *McCoy* v. *Board, etc.* (1903), 31 Ind. App. 331, 67 N. E. 1007.

Appellant here relies upon the following cases: *State ex rel. Klise* v. *Town of Riverdale* (1953), 244 Iowa 423, 57 N. W. 2d 63; *City of Galesburg* v. *Hawkinson* (1874), 75 Ill. 152; *Udall* v. *Severn* (1938), 52 Ariz. 65, 79 P. 2d 347; *In re Village of North Milwaukee* (1896), 93 Wis. 616, 67 N. W. 1033, 33 L. R. A. 638; *Taylor* v. *City of Augusta* (1926), 120 Kan. 42, 242 Pac. 456. These cases are not controlling here, however, and lend no support to appellant's position because each of them arose under a statute which is fundamentally different from that under consideration in the present case. Each of the statutes involved in those cases provided that the determination as to whether or not annexation should take place be made by the court, thus requiring

the court to exercise the same function which is, by §48-701, *supra,* exclusively delegated to the Common Council of the city. Such statutes have generally been held unconstitutional under the constitutional division of powers because the annexation of territory to a municipality is a legislative function.

For the foregoing reasons it is our opinion that §48-702, *supra,* does not attempt to vest legislative power in the courts, but simply authorizes the court to determine and adjudge whether or not certain statutory requirements necessary to sustain the legislative action of the Common Council of a city in annexing territory, when a remonstrance is filed, have been met; and such section does not violate or contravene the provisions of Art. 3, §1, of the Constitution of Indiana.

*Second:* Appellant further asserts that even if the provisions of the statute which are questioned by its Assigned Error No. 4 are constitutional, the decision of the court is not sustained by sufficient evidence.

The rule that this court will not weigh evidence applies to a hearing by the trial court on a remonstrance in an annexation proceeding.

The question of whether the annexation of the territory here involved was in the interest of the city and would not work manifest injury to the persons owning property in the territory sought to be annexed, were matters to be determined by the trial court, and if there is evidence of probative value in the record to support the findings thereon, such findings will not be disturbed on appeal. *Arnholt* v. *City of Columbus, supra* (1957), 128 Ind. App. 253, 258, 145 N. E. 2d 660, 661.

An examination of the record discloses evidence most favorable to the appellees herein as follows:

504

Carl E. Haag, Trustee for Lawrenceburg Township, Dearborn County, testified that the tax rate for Lawrenceburg School District was 36 cents at the time of the trial, and that if the area sought to be annexed was added to the defendant-appellant City of Aurora, the minimum tax rate in Lawrenceburg School Township would be $4.87.

Walter Horn, Executive Secretary of the Indiana Taxpayers Association, testified that after the proposed annexation the minimum additional tax that would be owed by Indiana & Michigan Electric Company (which was one of the persons owning property in the territory sought to be annexed) would be $143,991.19, and that this company would then be paying 81% of the total Aurora-Lawrenceburg Township tax.

David R. Davis, a member of the State Board of Tax Commissioners, testified that the minimum increase in taxes to the above named company would be $144,569.47, and that after annexation it would be paying a minimum of 81 to 82% of the total taxes in the City of Aurora.

We were unable to find from the testimony in the record that the City of Aurora had anything to offer in the nature of benefits to the Indiana & Michigan Electric Company. On the contrary, John Hicks, Superintendent of the Aurora Utilities, testifying as a witness for appellant, stated that the only services which the City of Aurora could offer the company would be gas and water, and that it would not be interested in these.

Frank L. Hopping, a builder and subdivider and past chairman of the New Industrial Committee of the Aurora Chamber of Commerce, testified, on cross-examination, that the area occupied by the Indiana & Michigan Electric Company would not be needed by the

City of Aurora to make an area available for new industry.

Individual remonstrators, whose testimony need not here be recited, as well as other people living within the territory sought to be annexed, testified that they could not be benefited by the annexation, but that they would be harmed thereby.

There was testimony by expert witnesses that the area sought to be annexed was not suitable for urban or residential purposes.

Walter Decker, City Engineer of Lawrenceburg, Indiana, and in charge of the Lawrenceburg Flood Protection Works, stated that the land between Aurora and Lawrenceburg would not be available for industrial or factory purposes without a levee which would be "costly" to construct.

P. G. Graves, a professional real estate developer from Cincinnati, Ohio, testified that the uses of the land here involved are too limited to see a benefit in laying it out as an industrial development.

Herbert A. Seaman, a civil engineer whose experience included fifteen years with the corps of army engineers in the United States Army, and who had investigated the economy of flood control protection at Aurora and Lawrenceburg, testified that it would not be economically feasible to construct a flood protection works around the area to make it usable for industrial development.

Other witnesses also testified that the area sought to be annexed was not suitable for industrial sites.

Appellees assert here that the only purpose of the proposed annexation was to add to the taxable value of the property within the City of Aurora. In our opinion the Legislature intended that the phrase "for its [the city's] interest" include

something more than an increase in revenue by reason of additional taxes received from the persons owning property within the territory sought to be annexed.[4]

We concur in appellees' assertion that property cannot be annexed for the sole purpose of securing additional tax revenue. *Ohio Edison Company* v. *McElrath* (1955), 73 Ohio L. Abs. 236, 137 N. E. 2d 642; *Portland General Electric Co.* v. *City of Estacada* (1952), 194 Ore. 145, 241 P. 2d 1129; *Paducah-Illinois R. Co.* v. *Graham* (1931 Ky. W. D.), 46 F. 2d 806; 2 McQuillin, Municipal Corporations, 3d Ed., §7.18, p. 306.

There is no evidence here that the inclusion of the property of Indiana & Michigan Electric Company within the territory sought to be annexed was necessary because it is located in an area which could properly be annexed to the city for reasons[5] other than increasing the tax revenue.

In our opinion the evidence summarized above is sufficient to sustain the finding of the trial court that the annexation of the territory involved was not in the interest of appellant city and would cause manifest injury to the persons owning property in the territory sought to be annexed. Cf.: *Arnholt* v. *City of Columbus, supra* (1957), 128 Ind. App. 253, 145 N. E. 2d 660.

For the foregoing reasons the judgment of the trial court must be affirmed.

Judgment affirmed.

Arterburn, C. J., Jackson and Landis, JJ., concur.

Achor, J., not participating because of illness.

NOTE.—Reported in 165 N. E. 2d 141.

---

4. In general, the conditions under which municipal limits may be extended, are stated in 2 McQuillin, Municipal Corporations 3d Ed., §7.18, pp. 304-305. See also: 37 Am. Jur., Municipal Corporations, §26, p. 643.

5. See Note 4.