In the Matter of the Common Council of the City of Albany, Petitioner, and Leonard W. Everhart, Intervenor-Petitioner, v. Town Board of the Town of Bethlehem, Respondent, and Clayton B. Hall et al., Intervenors-Respondents.

Third Department, July 8, 1965.

*John W. Hacker, Corporation Counsel (Howard C. Nolan, Jr.,* of counsel), for petitioner.

*George Myers* for intervenor-petitioner.

*Arthur E. McCormick, Carl O. Olson* and *Arnold W. Proskin* for respondents and intervenors-respondents.

*Louis J. Lefkowitz, Attorney-General (Emil Woldar* and *Paxton Blair* of counsel), pursuant to section 71 of the Executive Law.

HERLIHY, J. The merits of the proposed annexation are not involved in this proceeding nor do we reach the question as to whether or not a municipality may attack the validity of a statute, the petitioner on the oral argument stating that the individual respondents are properly before the court.

The People of the State of New York on November 5, 1963 adopted article IX (§ 1, subd. [d]) of the New York State Constitution which provides: "(d) No local government or any part of the territory thereof shall be annexed to another until the people, if any, of the territory proposed to be annexed shall have consented thereto by majority vote on a referendum and until the governing board of each local government, the area of which is affected, *shall have consented thereto upon the basis of a determination that the annexation is in the over-all public interest.* The consent of the governing board of a county shall be required only where a boundary of the county is affected. On or before July first, nineteen hundred sixty-four, *the legislature shall provide, where such consent of a governing body is not granted, for adjudication and determination, on the law and the facts, in a proceeding initiated in the supreme court, of the*

*issue of whether the annexation is in the over-all public interest.''*
(Emphasis added.)

In accordance with this italicized mandate, the Legislature added article 17 to the General Municipal Law which provides, *inter alia,* as applied to the present facts, for the presentation of a petition pursuant to section 703 proposing the annexation to the City of Albany of land in the Town of Bethlehem known as the Hurstville-Karlsfeld area. Such a petition was presented by residents of that area on July 15, 1964 to the Common Council of Albany and the Town Board of Bethlehem. After proper notice (§ 704), a joint hearing was held (§ 705) on September 9, 1964 by the two governing bodies. After this hearing the Common Council of the City of Albany approved the annexation on December 7, 1964 but the Town Board of Bethlehem disapproved the annexation on a determination that it was not in the public interest. The Common Council of the City of Albany then made application to this court for a determination (§ 711) of whether the proposed annexation was in the '' over-all public interest ''. In accordance with section 712, this court designated three Justices of the Supreme Court to hear and report their findings of fact and conclusions of law.

At this stage of the proceedings the respondents somewhat belatedly moved in this court to dismiss the petition not only on the constitutional ground but on the additional ground that the delegation of authority to this court was improper.

We first consider the respondents' assertion that the statute enacted by the Legislature was in violation of the Federal Constitution. In *Hunter* v. *City of Pittsburgh* (207 U. S. 161), the citizens of the City of Allegheny, Pennsylvania, contended that the General Assembly of that State could not direct a consolidation of their city and Pittsburgh over the objection of a majority of the Allegheny voters. In affirming the State court which directed the consolidation, the United States Supreme Court stated (pp. 178–179): '' Municipal corporations are political subdivisions of the State, created as convenient agencies for exercising such of the governmental powers of the State as may be intrusted to them. For the purpose of executing these powers properly and efficiently they usually are given the power to acquire, hold and manage personal and real property. The number, nature, and duration of the powers conferred upon these corporations and the territory over which they shall be exercised rests in the absolute discretion of the State. \* \* \* The State, therefore, at its pleasure, may modify or withdraw all such powers, may take without compensation such property, hold it itself, or vest it in other agencies, expand or contract the

territorial area, unite the whole or a part of it with another municipality, repeal the charter and destroy the corporation. All this may be done, conditionally or unconditionally, with or without the consent of the citizens, or even against their protest. In all these respects the State is supreme, and its legislative body, conforming its action to the state constitution, may do as it will, unrestrained by any provision of the Constitution of the United States.'' (See, also, *Reynolds* v. *Sims*, 377 U. S. 533, 575.)

It has long been the rule that while the determinations of territorial boundaries of a municipality are considered a legislative function, '' there is nothing in the Federal Constitution to prevent the people of a State from giving, if they see fit, full jurisdiction over such matters to the courts and taking it entirely away from the legislature ''. (*Forsyth* v. *Hammond*, 166 U. S. 506, 519.)

In *People ex rel. Village of Spring Val.* v. *Schroeder* (189 Misc. 324, 326, affd. 273 App. Div. 789), the court said: '' Municipal corporations are created by the State as a convenient agency **for exercising such powers** in local government as may be entrusted to them. The State may therefore prescribe the manner in which and the method by which its legislative creatures may be created, enlarged, contracted or dissolved.''

We find no infringements, discrimination or other violations of the Federal Constitution.

Secondly, while the respondents argue several questions in their brief as to the constitutionality of article 17, the basic and determinative issue is whether the implementation statute involved an attempt by the Legislature to amend article IX (§ 1, subd. [d]) of the New York State Constitution as passed by the People.

Section 702 of the statute sets forth the '' legislative intent ''. There was accompanying the proposed bill a Memorandum from the Office for Local Government which stated: '' There has been considerable dissatisfaction in recent years on the subject of annexation procedures.'' (N. Y. Legis. Annual, 1963, p. 231.) In justification of the bill, the Memorandum stated (p. 234): '' This bill would, by enactment of a general law, provide implementation of the proposed amendment to the Local Governments Article (IX) of the Constitution. * * * *The provisions and procedures so provided are* not onerous but *ones which local officials would expect to comply with in a fair and well-conceived annexation procedure.* The court review implements requirement of the Constitutional provision.'' (Emphasis added.)

While the Legislature may not delegate or surrender its authority to say what the law should be, by outlining the legislative policy and fixing the controlling principles it may delegate, in this instance, to the courts the power to determine facts and conditions upon which the operation of the law depends. In this instance, there is no abdication by the Legislature of its powers and duties but rather a clear fixing of power by a constitutional amendment. The implementing legislation was in compliance with the constitutional requirement.

The standard of "public convenience and advantage", as applied to Federal and State agencies, has been upheld. (See *National Broadcasting Co.* v. *United States,* 319 U. S. 190, 225; *New York Cent. Securities Corp.* v. *United States,* 287 U. S. 12; *National Psychological Assn. for Psychoanalysis* v. *University of State of N. Y.,* 8 N Y 2d 197; *Chiropractic Assn. of N. Y.* v. *Hilleboe,* 12 N Y 2d 109.)

The presumption of constitutionality must be accorded a legislative enactment. (See *Lincoln Bldg. Assoc.* v. *Barr,* 1 N Y 2d 413, 415; *Wasmuth* v. *Allen,* 14 N Y 2d 391, 397, 398.) But such invocation is not necessary to our decision.

Lastly, the respondents contend that to allow the court to base its decision upon the conception of what is the "over-all public interest" is the delegation of a legislative function without proper standards and therefore, "improper due to its vagueness". The respondents' argument is directed to the passage of a statute by a Legislature which might be unconstitutional, if not limited and defined by proper and sufficient guidelines, but, the argument has no application where, as here, the constitutional amendment delegated the authority. In other States it has been held that without a constitutional enactment, the power of delegation by statute is self-sufficient. (See *Rockingham County* v. *Town of Timberville,* 201 Va. 303; *County of Fairfax* v. *Town of Fairfax,* 201 Va. 362; *City of Aurora* v. *Bryant,* 240 Ind. 492.)

The courts in this State, under the statute, only intervene when the governing boards of the involved municipalities disagree as to the advisability of annexation and in the last analysis, it is not the court which makes the final decision. Assuming in the present case the court should find that the proposed annexation was in the over-all public interest, before the annexation becomes final, it will be necessary that a majority of the qualified voters in the district vote to approve the proposed annexation. The argument that all of the people in the town should vote on the proposition is specious as such a requirement would tend to defeat the purpose of the statute.

With all of the safeguards provided and having in mind that it was the intent of the Legislature to provide a workable form of annexation, the statute has not exceeded the bounds of the constitutional mandate and the procedure is proper and constitutional under the New York law.

The motion to dismiss the petition should be denied.

GIBSON, P. J., TAYLOR, AULISI and HAMM, JJ., concur.

Motion to dismiss petition denied, without costs.