KEENE ET AL. *v.* CITY OF MICHIGAN CITY ET AL.

[No. 20,033. Filed September 9, 1965.]

*Fox Franceshini, Transki & Martin,* of Michigan City, for appellants.

*Frank A. Castello,* of Michigan City, for appellees.

WICKENS, J.—The City of Michigan City instituted action to annex approximately 400 acres. Thereafter appellants filed their remonstrance under Acts 1905, ch. 129 §243, p. 219; as amended, being §48-702 Burns' 1963 Replacement. The trial court determined that the remonstrance complied with statutory requirements. On trial the court found facts specially and

rendered its conclusions of law and judgment for annexation by appellee city.

This action comes before this court without the aid of a brief from appellees. However, appellees are entitled to the benefit of everything contained in the record which may prevent reversal without filing any brief at all. *State, ex rel.,* v. *Board, etc.* (1906), 167 Ind. 276, 288, 78 N. E. 1016. On the other hand, we are not required to search the record and if a prima facie case is made by appellants' brief the judgment will be reversed. *Muscatatuck State School* v. *Derringer* (1963), 244 Ind. 318, 320, 192 N. E. 2d 735.

Although the reviewing court might be justified in treating appellees' failure to present a brief as a confession of error, where public interest is involved the case may be considered upon the merits. *Ralston* v. *Ryan* (1940), 217 Ind. 482, 483, 484, 29 N. E. 2d 202.

We deem public interest to be involved where a municipality has sought to annex territory. Consideration will therefore be given to the merits of this appeal.

Assigning that the decision is not sustained by sufficient evidence and is contrary to law, appellants assert a total failure of the evidence to establish the primary determinants as set out in §48-702, Burns', *supra.*

Where there is a special finding of facts, and where appellants assert that it is not sustained by sufficient evidence and is contrary to law, they are entitled to have this court determine whether among the special findings there is one which is essential to the decision made by the trial court which is not supported by any evidence or inferences

reasonably to be drawn therefrom. *Smith* v. *Mesel* (1949), 119 Ind. App. 323, 325, 84 N. E. 2d 477 (Transfer denied). *Treesh* v. *DeVeny* (1945), 116 Ind. App. 305, 308, 64 N. E. 2d 41; *Mertz, Admr.,* v. *Wallace* (1929), 93 Ind. App. 289, 298, 169 N. E. 333, (Transfer denied).

An examination of the evidence most favorable to appellees discloses that the proposed territory to be annexed is contiguous to the city. Part of this area is under cultivation and the remainder is wooded; residences and a church are contained therein. The tract is suitable for residential purposes. Twenty-five per cent of the area within the present city limits is vacant, unimproved land. There are two or three miles of dirt roads in the city. The evidence shows that the city has not established streets or sewers at public expense. A sewer under construction adjoins part of the area.

The city has furnished water outside its limits. In addition, a city water main is available to the annexed territory. However, water can be provided only if mains are paid for by consumers or a subdivider. A person paying for the extension of mains outside of the city could obtain water without annexation.

Evidence was received pertaining to the city's tax rate and finances. The evidence further discloses that prices of land in the area to be annexed have increased due to the desirability of the area for residential purposes. Michigan City's expansion is in the direction of such area. Garbage and rubbish pickup service by the city is available and could be extended into the proposed area. The area has its volunteer fire department including a fairly new truck, and a 24-hour manned telephone. This fire department has used Michigan City fire hydrants. The sheriff has eleven full

time deputies and is sufficiently staffed to provide police protection for the proposed area. People who live in the area receive the benefit of city parks, recreational facilities, churches, and municipal businesses. Furthermore, no extra help would be required to provide this area with police and fire protection as well as health services.

Such evidence and all of the reasonable inferences therefrom do not establish the following findings of fact and statutory primary determinants: 1) █ that annexation is in the best interests of the territory sought to be annexed; 2) that the terms and conditions of the ordinance are fair and just; and 3) that the territory sought to be annexed is needed for development of the city in the reasonably near future. As to these determinants there is a total lack of evidence.

The statutory enactment gives the City Council authority to determine (when the primary determinants are in existence) what territory should become █ part of the city. It is our belief that all the primary determinants must be shown by the evidence or inferences to be drawn therefrom in order to sustain the action of the City Council and of the trial court.

After setting forth the primary determinants, §48-702 Burns', *supra*, further provides that:

> "If, however, the presence of these primary determinants cannot be demonstrated in the evidence, the annexation shall not take place."

Giving full consideration and due weight to the action of the city and the affirmance thereof by the trial court, we are of the opinion that the evidence and inferences therefrom fail to demonstrate the existence of three of the primary determinants.

The cause is reversed with instructions to sustain the motion for a new trial.

Prime, P. J., Carson and Faulconer, JJ. concur.

NOTE—Reported in 210 N. E. 2d 52.