SMITH ET AL. *v.* THE INCORPORATED TOWN OF CULVER, INDIANA ET AL.

[No. 20,448. Filed March 14, 1967. Rehearing denied May 9, 1967. Transfer granted March 4, 1968.]

*Chipman & Chipman*, of Plymouth, for appellants.

*Stevens, Wampler, Travis & Feagler*, of Plymouth, for appellees.

CARSON, J.—The action below arose out of the adoption of an ordinance by the Town of Culver, Indiana, annexing certain territory adjacent to the town. There was an appeal to the Marshall Circuit Court and from the judgment of the Marshall Circuit Court upholding the ordinance and directing the annexation this appeal was taken. The Judge below after considering the ordinance and hearing the evidence, 1) described the real estate to be annexed, 2) found that it should be annexed to the Town of Culver, Indiana, 3) directed that a certified copy of the judgment be delivered to the Clerk of the Town of Culver. The appellants' filed their motion for a special findings of fact and conclusions of law and their motion for a new trial. The court in compliance with Supreme Court Rule 1-7C and pursuant to the provisions of Section 48-715, Ind. Stat. Ann. (1963), made the following special findings of fact:

"1. The annexation by the Incorporated Town of Culver, Indiana, of the territory described in Ordinance No. 175 of the said Incorporated Town of Culver, Indiana, is in the best interests of said Town and of the said territory described in said Ordinance No. 175.

"2. The area described in Ordinance No. 175 of the Incorporated Town of Culver, Indiana, is urban in character

and is an economic and social part of the Incorporated Town of Culver, Indiana.

"3. The terms and conditions set forth in the said Ordinance No. 175 of the Incorporated Town of Culver, Indiana, are fair and just.

"4. The Incorporated Town of Culver, Indiana, is financially able to provide municipal services to the area described in Ordinance No. 175 of the Incorporated Town of Culver, Indiana, within the reasonably near future.

"5. The major portion of the area described in Ordiance No. 175 of the Incorporated Town of Culver, Indiana, is developed, and the remainder of said area is undeveloped; that that portion of said area which is undeveloped is needed for developmnt of the Incorporated Town of Culver, Indiana, in the reasonably near future.

"6. The territory described in Ordinance No. 175 of the Incorporated Town of Culver, Indiana, is contiguous to the Incorporated Town of Culver, Indiana, and the lines of the annexation as described in said Ordinance are so drawn as to form a compact area abutting the Incorporated Town of Culver, Indiana."

Upon such facts the court stated the following conclusion of law:

"1. The law is with defendant, the Incorporated Town of Culver, Indiana."

The remonstrators then filed their motion for a new trial specifying three grounds; first, that the decision of the court was not sustained by sufficient evidence; second, that the decision of the court is contrary to law; and third, errors of law occurring at the trial. The only error at law which the appellants urge is that dealing with the questioning of Ruth Lennon, the Clerk-Treasurer of the Town.

We shall dispose of Points 1 & 3 of the motion for a new trial first, and then proceed to Point 2.

Point 1 would require us to weigh the evidence, and the evidence being in conflict comes under the rule repeatedly

stated by this court that we will not substitute our judgment for that of the trial court and will not weigh the evidence.

Point 3 was not properly saved in that the objection was made after the question was answered and was not properly followed up by a motion to strike the answer from the record and then state the objection sufficiently broad as to present the exact error relied upon.

Point 2 presents the only question for our consideration in this appeal. An assignment that the decision of the court is contrary to law requires us to apply the rule stated in *Pokraka* v. *Lummus Co.* (1952), 230 Ind. 523, 104 N. E. 2d 669:

"It is only where the evidence is without conflict and can lead to but one conclusion, and the trial court has reached an opposite conclusion, that the decision of the trial court will be set aside on the ground that it is contrary to law."

In the case of *Keene* v. *Michigan City* (1965), 137 Ind. App. 477, 210 N. E. 2d 52, this court said:

"Such evidence and all of the reasonable inferences therefrom do not establish the following findings of fact and statutory primary determinants: 1) that annexation is in the best interests of the territory sought to be annexed; 2) that the terms and conditions of the ordinance are fair and just; and 3) that the territory sought to be annexed is needed for development of the city in the reasonably near future. As to these determinants there is a total lack of evidence."

In considering the evidence most favorable to the appellee with all reasonable inferences to be drawn therefrom, we conclude that the primary determinants Nos. 1 & 3, as set out in *Keene* v. *Michigan City, supra,* were not established.

We further call attention to the case of *Arnholt* v. *City of Columbus* (1957), 128 Ind. App. 253, 145 N. E. 2d 660, wherein this court said:

"Since the passage of the Act of 1905, under which these proceedings were instituted, annexation of territory to a city is no longer a discretionary act. It cannot be decreed in the teeth of a majority remonstrance unless the prosperity of the city, the prosperity of the annexed territory and the safety of the inhabitants and property thereof demand it. Obviously the idea that inhabitants of the territory proposed to be annexed should share the burdens of city government, or that irregular corporate limits should be "squared up," or that taxation should be equalized have little to do with the prosperity of the City or the safety of its inhabitants in person or in property although such reasons were considered adequate reasons for annexation prior to 1905."

The above rule was cited with approval in *City of Aurora* v. *Bryant* (1960), 240 Ind. 492, 165 N. E. 2d 141.

The decision of the trial court should be reversed and the trial court is directed to enter judgment denying the annexation and holding the ordinance invalid and of no effect.

Judgment reversed.

Cooper, C. J., Faulconer, Prime, JJ., concur.

NOTE.—Reported in 224 N. E. 2d 59.