SMITH ET AL. *v.* THE INCORPORATED TOWN OF CULVER, INDIANA.

[No. 368S45. Filed March 4, 1968.]

*Chipman, Chipman & Rakestraw,* of Plymouth, for appellants.

*Stevens, Wampler, Travis & Feagler,* of Plymouth, for appellee.

ARTERBURN, J.—This case comes to us on transfer from the Appellate Court of Indiana. (See opinion of Appellate Court as reported in 224 N. E. 2d 59.)

We find that the petitioners have made out a case for transfer to this Court from the Appellate Court on the basis that it contravenes a ruling precedent of this Court in the *City of Aurora* v. *Bryant, et al.* (1960), 240 Ind. 492, 503, 165 N. E. 2d 141, 147, wherein it is stated:

> "The rule that this court (an appellate court) will not weigh evidence applies to a hearing by the trial court on a remonstrance in an annexation proceeding."

This action arose in the court below as a result of the adoption of an ordinance by The Incorporated Town of Culver, Indiana, annexing certain territory adjacent to the town. There was a judicial review from this action to the Marshall Circuit Court; the court upheld the ordinance and directed the annexation. From this judgment the appeal was taken. The trial court made a special findings of fact. The controversy on this appeal is narrowed to whether or not there was any evidence to support the finding of the trial court as to the existence of primary determinants (a) and (e) as set forth in the statute, (Burns' Ind. Stat. Anno. § 48-702) which are referred to in the briefs and the argument as 1 and 5, and read as follows:

> "(a) The annexation is in the best interest of the city and of the territory sought to be annexed.
> "(e) The area sought to be annexed, if undeveloped, is needed for the development of the city in the reasonably near future."

This statute further provides:

> "If the judge of the court shall find that the primary determinants enumerated above apply to the annexation, it shall take place notwithstanding the remonstrance and notwithstanding, further, the provisions of any other statute

of this state. If, however, the presence of these primary determinants cannot be demonstrated in the evidence, the annexation shall not take place. . . ."

The trial court made the following special finding as to these two determinants:

"1. The annexation by the Incorporated Town of Culver, Indiana, of the territory described in Ordinance No. 175 of the said Incorporated Town of Culver, Indiana, is in the best interests of said Town and of the said territory described in said Ordinance No. 175.

\* \* \* \* \* \*

"5. The major portion of the area described in Ordinance No. 175 of the Incorporated Town of Culver, Indiana, is developed, and the remainder of said area is undeveloped; that the portion of said area which is undeveloped is needed for the development of the Incorporated Town of Culver, Indiana, in the reasonably near future."

We do not on appeal weigh and consider the evidence to determine whether or not the appellee-town has "established" all the primary determinants in a case of annexation. We may only consider the evidence most favorable to the finding of the town board, with all reasonable inferences to be drawn therefrom. If there is a conflict in the evidence before the trial court, the decision of the town board must stand as to the facts. In *Arnholt et al.* v. *City of Columbus* (1957), 128 Ind. App. 253, 145 N. E. 2d 660, the trial court granted the prayer for annexation and the Appellate Court, upon a consideration of conflicting evidence, affirmed the decision of the lower court.

The leading case, however, is *City of Aurora* v. *Bryant, et al.* (1960), 240 Ind. 492, 165 N. E. 2d 141. There the trial court denied annexation, and this Court, after considering conflicting evidence, affirmed the decision of the trial court, stating plainly that the court, on appeal, will not weigh the evidence heard on a remonstrance in an annexation proceeding. We must follow this precedent in the determination of this case.

The evidence here shows that the Culver Military Academy operated and owned the Culver Educational Foundation, a not for profit corporation, which owns ground adjacent to the Incorporated Town of Culver; that part of this is a section known as West Terrace Subdivision, which is the subject of this annexation proceeding. The Culver Educational Foundation has developed this subdivision. It has two principal blacktop streets with curbs and gutters; water mains and sewer lines were installed at the expense of Culver Educational Foundation. However, such facilities are connected with the Incorporated Town of Culver. It appears that the Academy provides maintenance service for the sewer, water systems, and streets in said subdivision.

The Incorporated Town of Culver is a community of 1548 residents at the time of the last census; it has a normal business section, a consolidated school system through high school grades, a public library, a public beach, a sewer system with a sewage disposal plant, a volunteer fire department, and law enforcement officers. It also has a street department, with equipment for the care and repair of streets.

It appears that in 1951 the Incorporated Town of Culver and the Culver Educational Foundation entered into a contract with reference to the operation of a sewer system benefiting both the town and the subdivision, and also the Culver Military Academy. This contract provided for certain charges per month. The contract also provided for certain water services. The evidence also showed that the Town Marshall was paid a "gratuity" of $25.00 a month by the Culver Educational Foundation for police protection.

We find it unnecessary to go into detail as to all of the evidence, but merely present a general picture as to the situation between the areas involved in this appeal. Appellees contend that finding 1 of the court, namely, that the annexation would be in the best interests of the town and the territory, is supported by evidence of a number of witnesses. Theodore

L. Ervin, president of the Town Board (not on the Board when the ordinance was passed), Edgar C. Shaw, Town Board Member (likewise not a member of the Board at the time of the passage of the ordinance), a long time employee of the Academy, Donald Hand, a former Town Board member and a teacher in the public schools, and Wilfred Craft, a Town Board member and an employee of the Culver Military Academy, all testified in general that the police protection for the area as well as the town, could be and would be improved, rather than have it operate on the basis that it does at the present time; that particularly the Town Marshall could include the area as a part of his routine patrol; that the sewer rates could be reduced; that the Incorporated Town of Culver would assume repair and maintenance of the sewers; that snow removal would be more effective; that both the water system and the sewer system, by having one municipal corporation taking care of repairs and maintenance and replacing worn out parts, would be an advantage to both sections; that street lights and fire protection would be improved more effectively as a result of the annexation and cooperation of the citizens of both sections. An insurance agent testified that annexation would reduce the premiums on $20,000.00 frame type dwellings from $55.00 a year to $35.00 a year, or a savings of 20% a year to property owners. Finally, a number of witnesses testified that there were certain intangible benefits where all local residents become a part of the same community and have the same joint interests and are able to participate in voting on community problems and run for office in the community; that many high-type citizens and members of the faculty live in the annexed territory and are not eligible to hold town office without annexation.

The evidence in general showed that these two territories were in fact economically and socially joined. The trading, the business, the church life and educational facilities were used alike by the residents of both areas. What has thus been said shows that there was evidence to support the find-

ings of the trial court. Part or all of it may have been controverted and in conflict, but as previously stated, the weight to be given this evidence was for the final determination of the court—not this Court on appeal.

In regard to determinant (e) referred to as No. 5 and the special finding of the court in that particular, the evidence shows that in the subdivision sought to be annexed there are twenty-three (23) lots. Fourteen (14) of the lots are occupied by residences; nine (9) are vacant. The court correctly found that a major portion of the area is developed and that it is a residential area; that it has streets, sidewalks, sewers, water system, etc. The evidence shows these lots are very desirable and are in an excellent residential section; that the homes are above average; that the Culver Military Academy is an expanding organization; that it has brought many people into the community who have above the average standard of living; that part of the employees and instructors of the Academy live in the Town of Culver; that there are few lots available in the community for desirable homes. There is no evidence presented by the appellants that there is other residential property available as good and as desirable. The evidence further shows that there is a plan and possibility of developing land to the east of the subdivision in question. If this is done, it would be necessary to extend streets, water mains and sewer lines through this subdivision, and add police, fire and other municipal services. We feel the mere enumeration of this evidence is sufficient to support the finding No. 5 of the trial court, regardless of the fact that there may be a conflict of evidence thereon.

We find the judgment of the trial court is sustained by sufficient evidence and the finding and judgment is not contrary to law.

This cause is transferred from the Appellate Court to the Supreme Court, and the judgment of the trial court is affirmed.

Lewis, C. J. and Mote, Hunter and Jackson, JJ., concur.

NOTE.—Reported in 234 N. E. 2d 494.