Louis Baker, et al. *v.* City of South Bend

[No. 970A149. Filed April 19, 1971. Rehearing denied May 24, 1971. Transfer denied August 3, 1971.]

*Robert E. Zimmerman, Montgomery & Zimmerman,* of South Bend, for appellants.

*Shepard J. Crumpacker, Crumpacker, May, Levy & Searer, Robert M. Parker, Parker & Parker,* all of South Bend, for appellee.

HOFFMAN, C.J.—This is an appeal from the finding and judgment of the trial court upholding annexation of certain land to the City of South Bend, Indiana.

The issue presented by this appeal is: Does the record support the finding of the trial court that the annexation of

certain territory was in the best interests of both the City of South Bend and the territory to be annexed?

The Common Council of the City of South Bend enacted a special ordinance for the annexation of certain lands. Appellants, owners of more than 75% in assessed valuation of the real property in the territory to be annexed, filed their "Remonstrance and Appeal" alleging said ordinance is not just and reasonable. Appellants allege such annexation should not take place because *one* primary determinant enumerated in the applicable statute is not present.

Acts 1955, ch. 269, § 2, p. 720, Ind. Stat. Anno., § 48-702, Burns' 1963 Repl.,[1] the applicable statute, contains six primary determinants which must be present for annexation. Of such determinants appellants rely only upon:

"(a)   The annexation is in the best interests of the city and of the territory sought to be annexed."

After hearing evidence, the trial court found that the annexation should take place, that the ordinance should be in full force and effect annexing the territory described in the special ordinance, and entered judgment accordingly.

Appellants filed their motion to correct errors which was overruled by the trial court. The motion to correct errors asserts that:

1. The decision of the trial court is not supported by sufficient evidence upon all necessary elements of a claim or defense;
2. The decision is contrary to the evidence; and
3. The decision is contrary to law.

Appellants have chosen to brief and argue that *there is a failure of proof by the City* that 1) the proposed annexation is in the best interests of the City; and 2) that the proposed

1. This statute was repealed effective January 1, 1970. See: IC 1971, 18-5-10-25 (Acts 1969, ch. 239, § 407, p. 894), Ind. Stat. Anno., § 48-722, Burns' 1970 Cum. Supp.

annexation is in the best interest of the territory sought to be annexed.

Appellants have very properly phrased their arguments, for in order to prevail there must be a complete failure of proof with regard to the determinant at issue. In *Smith et al. v. The Incorp. Town of Culver, Ind.* (1968), 249 Ind. 665, at 667, 234 N. E. 2d 494, at 496, Judge Arterburn, speaking for our Supreme Court, stated:

> "We do not on appeal weigh and consider the evidence to determine whether or not the appellee-town has 'established' all the primary determinants in a case of annexation. We may only consider the evidence most favorable to the finding of the town board [Common Council], with all reasonable inferences to be drawn therefrom. If there is a conflict in the evidence before the trial court, the decision of the town board [Common Council] must stand as to the facts." *City of Aurora* v. *Bryant, et al.* (1960), 240 Ind. 492, 165 N. E. 2d 141; *Arnholt, et al.* v. *City of Columbus* (1958), 128 Ind. App. 253, 145 N. E. 2d 660 (transfer denied).

In support of their contention that there is a failure of proof that the proposed annexation is in the best interests of appellee-City appellants cite *City of Aurora* v. *Bryant, et. al., supra. City of Aurora* is distinguishable from the instant case because 1) it was based upon the statute prior to the 1955 amendment, and 2) the City of Aurora was the appellant, therefore, the presumptions used in appellate review were exactly opposite those in the instant case. However, our Supreme Court at 505-506 of 240 Ind., at 148 of 165 N. E. 2d, did state:

> "In our opinion the Legislature intended that the phrase 'for its [the city's] interest' include something more than an increase in revenue by reason of additional taxes received from the persons owning property within the territory sought to be annexed." [Footnote omitted.]

Thus, if there is evidence, or inferences to be drawn from the evidence, to show that the proposed annexation is in the

best interests of appellee-City for a reason other than tax revenue, the judgment of the trial court with regard to the first part of determinant "(a)" will not be disturbed.

The record contains the following facts which tend to support the finding of the trial court that annexation was in the best interests of appellee-City. The population of the City of South Bend is dwindling—during the period from 1960 to 1967 the population decreased approximately 8,800. There is a shortage of suitable residential lots for single-family dwellings within the corporate limits of the City. The City, which has more stringent health standards, will be more capable of controlling its environment. Likewise, through zoning and a higher standard of building code enforcement, the City can better guide and protect the future growth of the area. It cannot be disputed that the annexation would increase the City's bonding power. There was also testimony that the proposed annexation is necessary to permit logical growth of the City of South Bend. These are some of the reasons upon which the trial court could ground its finding that the annexation was "in the best interests of the city." It is not disputed that the City of South Bend will receive substantial tax revenue from the territory sought to be annexed but the facts stated above, and others contained in the record, are sufficient to support the finding of the trial court that such annexation was "in the best interests of the city" for a reason other than tax revenue.

In support of their contention that there is a failure of proof that the proposed annexation is in the best interests of the territory sought to be annexed appellants cite *Keene* v. *City of Michigan City* (1965), 137 Ind. App. 477, 210 N. E. 2d 52. Appellants cite *Keene* for the proposition that the City of South Bend must affirmatively prove that the present public services and facilities of the territory sought to be annexed are inadequate to serve the normal needs of the residents. Counsel for appellants admitted that such proposition is not stated by this court in *Keene, i.e.,* it is only an infer-

ence to be drawn from the opinion. In light of § 48-702,[2] *supra,* such an inference is unwarranted.

Even though the residents of the territory sought to be annexed do have many of the services which the City of South Bend would provide, the record before us reveals that the following services would be improved—enclosed water and sewage systems with less health hazards, police protection in that they would have regular patrols and the benefits of the Juvenile Aid Bureau and Community Relations Division. Appellee-City would also be able to provide better fire protection, in fact a fire station is to be relocated closer to the area sought to be annexed. The record also reveals that the fire insurance rate will decrease once annexation takes place. Street maintenance and snow removal in the area will be improved. Upon annexation to the City, steps would be taken to install street lights, and garbage collection service would be immediately available. Twenty-four hour ambulance service would be available to the area, if annexed. Section 2 of Ordinance No. 5011-68, *i.e.,* the ordinance annexing the area in which appellants reside is as follows:

> "Be it further ordained by the Common Council of the City of South Bend, Indiana, that for a period of three (3) years after annexation shall take effect one-half (½) of all municipal property taxes to be imposed upon the annexed territory shall be impounded and placed in a special fund solely for the benefit of such annexed territory, its property owners and inhabitants, in the extension of municipal services and benefits and the making of municipal or public improvements in the annexed territory."

In addition to those set out above, there are intangible benefits to the residents of the territory sought to be annexed, *i.e.,* being able to vote in local elections, indeed, being able to

---

2. "* * * The judge of the court shall, upon the date fixed, proceed to hear and determine such appeal without the intervention of jury, and shall, without delay, give judgment upon the question of such *annexation according to the evidence which either party may introduce.* Such evidence demonstrating the presence of the following conditions shall be considered the primary determinants of the annexation's merit: * * *." (Emphasis supplied.)

hold local offices in a community in which they are, before annexation, economically and socially an integral part. For all of the reasons above, and others in the record, the trial court did not err in finding that the proposed annexation was in the best interests of the territory sought to be annexed.

The record contains sufficient evidence to support the finding of the trial court that the annexation was in the best interests of both the City of South Bend and the territory sought to be annexed.

Judgment affirmed.

Sharp, Staton and White, JJ., concur.

NOTE.—Reported in 268 N. E. 2d 623.