ELMER SARRINGHAUS, ET AL. *v.* CITY OF SHELBYVILLE.

[No. 171A19.  Filed July 20, 1971.  Rehearing denied August 30, 1971.
Transfer denied November 3, 1971.]

*Bob Good,* of Shelbyville, for appellants.

*George R. Glass, Glass & Moberly,* of Shelbyville, for appellee.

SHARP, J.—On October 8, 1968, the Common Council of the City of Shelbyville, Indiana, passed Ordinance No. 1463 purporting to annex certain territory. The Appellants filed a timely remonstrance. It is stipulated that Appellants-Remonstrators constituted a majority of the owners of land in the territory sought to be annexed or were owners of more than 75% of assessed valuation of the real estate in such territory.

After the trial on the remonstrance the trial court found for the City and against the remonstrators.

The evidence must be examined in the light most favorable to the Appellee-City.

The Appellants' sole contention is stated in three sentences in their brief as follows:

> "The remonstrators rely completely upon the case of *City of Aurora* v. *Bryant,* (1960) 165 N. E. 2d 141. That case clearly held that a city could not annex territory exclusively for the purpose of increased revenue. The evidence in the case showed no other reason for the annexation."

The Appellants are wrong in their sole reliance on *City of Aurora* v. *Bryant,* 240 Ind. 492, 165 N. E. 2d 141 (1960), as applicable to this case.

There is evidence from which the trial court could determine that this annexation was in the best interests of the City and the territory to be annexed within the meaning of Acts 1905, ch. 129, as amended and found in Ind. Ann. Stat. § 48-702 (Burns 1963). For example, the area was urban in character. It was an economic and social part of the City. The City was financially able to provide municipal services to the annexed area in the reasonably near future. The lines of annexation were so drawn as to form a compact area abutting the mu-

nicipality. This City is now furnishing some municipal services to the area. There is evidence that the area will benefit by having sewage facilities, the cleaning of a ditch which is a health hazard, street cleaning services, garbage collection, municipal incinerators, mosquito spraying, weed control, street lights, park facilities and assured police and fire protection.

The fact that some of these services are already provided by the City does not form the basis, as a matter of law, for this annexation ordinance to be held invalid. See *Kleinknecht* v. *City of Evansville*, 137 Ind. App. 345, 204 N. E. 2d 872 (1965).

In *City of Aurora* v. *Bryant* the trial court made a factual determination and our Supreme Court refused to disturb it. Likewise in this case, we will not disturb the factual determination of the trial court. *City of Aurora* v. *Bryant* does not compel us to do so.

There is a substantial body of authority to support the result here. See *Smith* v. *Town of Culver*, 249 Ind. 665, 234 N. E. 2d 494 (1968) ; *Arnholt* v. *City of Columbus*, 128 Ind. App. 253, 145 N. E. 2d 660 (1957) ; and *Baker* v. *City of South Bend*, 148 Ind. App. 596, 268 N. E. 2d 623 (1971).

The record contains sufficient evidence to support the finding of the trial court that this annexation was in the best interests of both the City of Shelbyville and the territory sought to be annexed.

Judgment affirmed.

Hoffman, C.J., Staton, and White, JJ., concur.

NOTE.—Reported in 271 N. E. 2d 471.