GEORGE C. PALMER, ET AL. *v.* CITY OF SOUTH BEND.

[No. 171A8. Filed September 29, 1971. Petition for Oral Argument denied September 29, 1971.]

*John W. Montgomery, Montgomery & Zimmerman,* of South Bend, for appellants.

*Shepard J. Crumpacker, Robert M. Parker,* of South Bend, for appellee.

HOFFMAN, C.J.—The issue presented by this appeal is: Does the record before us support the finding of the trial court that the annexation of certain territory was in the best interests of both the City of South Bend and the territory to be annexed?

Remonstrators-appellants argue, with regard to subsection (a)[1] of Ind. Ann. Stat., § 48-702 (Burns 1963), that the decision of the trial court is not supported by sufficient evidence, is contrary to the evidence, and is contrary to law.

---

1. "The annexation is in the best interests of the city and the territory sought to be annexed." This section was repealed in 1969. See: IC 1971, 18-5-10-25, Ind. Ann. Stat. § 48-722 (Burns 1970 Supp.). However, there is no dispute that § 48-722, *supra,* is applicable to the instant case.

The cases cited and relied upon by remonstrators are discussed and interpreted in *Baker* v. *City of South Bend, St. Joseph County* (1971), 148 Ind. App. 596, 268 N. E. 2d 623, 25 Ind. Dec. 304 (transfer denied). *Baker* was decided after this appeal was fully briefed and what we said there with regard to cases cited applies with equal force to the instant case.

The record reveals that the population of St. Joseph County is growing while the population of the City of South Bend is diminishing. There is a shortage of residential housing areas within the limits of the City of South Bend. The continued loss of population would have an adverse effect upon the central core of the city. There is testimony that the population increase which would result from such annexation and the potential future population increase were the predominant benefits which would inure to the city. Further, the city will be able to control the runoff of surface water to prevent flooding and also have equality of financial contributions by those residents who contribute to such water runoff. There is no doubt that the bonding power of the city will be increased. These facts, and others contained in the record, clearly support the finding of the trial court that the annexation was in the best interests of the city.

Facts which support the finding of the trial court that the annexation was in the best interests of the territory to be annexed are as follows: City sanitary sewers would replace septic tanks now in use. Better city fire protection, especially needed by the retail stores and Church in the area, would be provided and would decrease fire insurance rates, and provide 24-hour ambulance service. There is testimony from which the trial court could have concluded that police protection would be improved. City water service would be available to the private residents of the area. Street lighting, maintenance and snow removal would be improved. Lastly, but equally important, garbage removal would

be immediately provided to the area by the city sanitary service.

The trial court properly found that the annexation was in the best interests of both the City of South Bend and the territory sought to be annexed. Therefore, the judgment of the trial court annexing such territory to the City of South Bend should be affirmed.

Judgment affirmed.

Sharp, Staton and White, JJ., concur.

NOTE.—Reported in 273 N. E. 2d 302.