CHARLES R. LEMASTER ET AL. *v.* CITY OF FORT WAYNE.

[No. 3-1072A68. Filed June 28, 1973. Rehearing denied August 1, 1973. Transfer denied November 13, 1973.]

*Kenneth M. Waterman, Parker, Hoover & Roush,* of Fort Wayne, for appellants.

*David B. Keller, Keller, Fleck & Holleran,* of Fort Wayne, *David A. Travelstead, Rothberg, Gallmeyer, Fruechtenicht & Logan,* of Fort Wayne, *Ralph R. Blume, Blume, Wyneken, Levine & Clifford,* of Fort Wayne, for appellee.

## I.
## STATEMENT ON THE APPEAL

STATON, J.—Charles R. LeMaster filed a remonstrance to an annexation ordinance which had been passed by the City of Fort Wayne. The remonstrance is predicated upon the City of Fort Wayne's alleged failure to publish the ordinance "immediately" as provided by law and insufficient evidence to establish: (a) that the annexation was in the best interest of the territory; and (b) that the City of Fort Wayne is financially able to provide municipal services to the territory. The trial court upheld the validity of the annexation ordinance.

We affirm the judgment of the trial court in our opinion which holds that the publication requirements were met and that the evidence was sufficient.

## II.
## STATEMENT OF THE FACTS

The Common Council of the City of Fort Wayne, Indiana passed an ordinance on November 4, 1969, annexing certain territory. It was signed by the Mayor on November 5, 1969. The ordinance was to become effective 30 days after publication as provided by law. Publication occurred in two Fort Wayne newspapers on November 15 and November 22, 1969.

Charles R. LeMaster, hereinafter referred to as LeMaster, as an owner of property in the area to be annexed, filed a remonstrance on December 22, 1969. The ordinance was upheld by the trial court. LeMaster filed his motion to correct errors which was overruled.

## III.
### STATEMENT OF THE ISSUES

Two issues are presented for review. They are:

ISSUE ONE: Is publication of an annexation ordinance ten (10) days after passage "immediate" publication as required by Acts 1905, ch. 129, § 242; Ind. Ann. Stat., § 48-701 (repealed)?

ISSUE TWO: Is there sufficient evidence to support the trial court's finding that:
   a. the annexation was in the best interest of the territory sought to be annexed?
   b. the City of Fort Wayne is financially able to provide municipal services to the area?

## IV.
### STATEMENT ON THE LAW

ISSUE ONE: LeMaster contends that the annexation ordinance is invalid because it was not published "immediately" after passage as required by the Acts of 1905, ch. 129, § 242; Ind. Ann. Stat. § 48-701 (repealed). LeMaster argues that publication ten (10) days after passage cannot be considered "immediate." We cannot agree with this contention of error.

"Our courts have consistently said that when the term 'immediate' is used in contracts or statutes, it means that the act referred to shall be accomplished within such convenient time as is reasonably requisite. . . ." *Gross Income Tax Division* v. *Klink* (1953), 232 Ind. 473, 479, 112 N.E.2d 581, 583.

A party seeking to prove an ordinance invalid has the burden of proving that he was prejudiced in some way by the delay. *Martin* v. *Pifer* (1884), 96 Ind. 245, 249. In all cases appealed to this court, it is incumbent upon the appellant to clearly show that the court below committed error which denied appellant the relief to which he was entitled under the law. *Kuykendall* v. *County*

*Com'rs. of Marion County* (1968), 142 Ind. App. 363, 364, 234 N.E.2d 860. LeMaster has failed to carry his burden.

ISSUE TWO: LeMaster contends that the evidence was insufficient to establish that: (a) the annexation was in the best interest of the territory sought to be annexed; and (b) the City of Fort Wayne, Indiana has the financial ability to prove municipal services to the annexed area.

"The scope of review to be applied by this court was set forth in Smith et al v. Incorp. Town of Culver, Ind. (1968), 249 Ind. 665, at 667, 234 N.E.2d 494, at 496, as follows:

'We do not on appeal weigh and consider the evidence to determine whether or not the appellee-town has "established" all the primary determinants in a case of annexation. We may only consider the evidence most favorable to the finding of the town board, [Common Council] with all reasonable inferences to be drawn therefrom. If there is a conflict in the evidence before the trial court, the decision of the town board [Common Council] must stand as to the facts.'

"Appellants cannot prevail unless there is a complete failure of proof with regard to one of the determinants. Abell v. City of Seymour (1971), [150] Ind.App. [163], 275 N.E.2d 547, 28 Ind. Dec. 101." *Crothers* v. *City of Fort Wayne* (1973), 155 Ind.App. 153, 291 N.E.2d 702, 704.

Determinant (a): In reviewing the three volumes of the transcript, we find ample evidence that the proposed territory sought to be annexed will receive the following services from the City: garbage collection service, improved police and fire protection, improved street lighting, decreased insurance rates, water and sewer service rates decreased 35%, street repair and maintenance, assistance of the Human Relations Division of the City of Fort Wayne, snow removal, enforcement of health and building codes, enclosed sanitary sewers, the assistance of the Board of Health of the City of Fort Wayne, and the removal of open sewage ditches.

The fact that some of these services are already provided by the City does not form the basis, as a matter of law, for this annexation ordinance to be held invalid. There was sufficient evidence to show that the annexation was in the best

568

interests of the territory sought to be annexed. *Crothers* v. *City of Fort Wayne, supra; Palmer* v. *City of South Bend* (1971), 129 Ind. App. 428, 273 N.E.2d 302; *Baker* v. *City of South Bend* (1971), 148 Ind. App. 596, 268 N.E.2d 623; *Sarringhaus* v. *City of Shelbyville* (1971), 149 Ind. App. 255, 271 N.E.2d 471.

Determinant (b) : LeMaster contends that there was absolutely no evidence from which a reasonable inference could be drawn that the City of Fort Wayne was financially able to provide services for the annexed area. We disagree. "Financial ability" is not synonymous with "solvency." It generally means that the person who is required to perform must be able to command the funds necessary to accomplish the task.

> " 'What constitutes financial readiness or ability in these cases cannot be determined by any hard and fast rule. It is, obviously a very different question from that of solvency. . . .' 2 Mechen on Agency, 2nd Ed., section 2441." *Glascock* v. *James* (1945), 183 Va. 561, 32 S.E.2d 734, 739.

See also *Litchfield Mfg. Corp.* v. *United States* (1964), 338 F.2d 94, 98, 167 Ct. Cl. 604; *Hersh* v. *Garau* (1933), 218 Cal. 460, 23 P.2d 1022, 1025.

We have reviewed the testimony of the witnesses and the exhibits admitted into evidence. We find that they support a reasonable inference that the City of Fort Wayne is financially able to provide services to the territory sought to be annexed.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C.J. and Sharp, J., concur.

NOTE.—Reported at 297 N.E.2d 887.